UNITED STATES of America, Appellee,

v.

Joseph LEGRANO, a-k-a Joe Legs, Appellant.

No. 81–5081.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 3, 1981.
Decided Sept. 8, 1981.

Steven H. Gifis, Princeton, N. J. (Alan Dexter Bowman, Princeton, N. J., Larry Bronson, P.A., West Orange, N. J., on brief), for appellant.

Tommy E. Miller, Asst. U. S. Atty., Norfolk, Va., (Justin W. Williams, U. S. Atty., Norfolk, Va., John Ivan, Third Year Law Student on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Joseph Legrano was indicted on eighteen counts ranging from conspiracy to violate and violation of the RICO statute to trafficking in contraband cigarettes. Pursuant to a plea bargain, he pleaded guilty to two counts of trafficking in contraband cigarettes in violation of 18 U.S.C. §§ 2342(a) and 2344(a), and was sentenced to two concurrent five-year prison terms.

At sentencing, the district court received a presentence report which included the entire 18-count indictment and an "official version of the incident" which indicated that Legrano had been involved in a cigarette bootlegging conspiracy for several years. The presentence report also contained a tentative parole guideline worksheet which ranked Legrano's offense behavior as of "Greatest I" severity because his bootlegging activities had deprived the State of New York of approximately $2.4 million in cigarette tax revenues. Legrano asked the court to remove these items from the report because they misrepresented his involvement in the conspiracy and overstated the amount of lost tax revenues attributable to his activities. The judge stated that he would not consider the information in sentencing, but refused to strike it from the report.

On appeal, Legrano first argues that any information which he claimed was untrue should have been excised from the presentence report since it could taint later review by a parole board. Rule 32(c) of the Federal Rules of Criminal Procedure requires the probation service to fully investigate defendants and provide as complete a profile as possible in the presentence report. This rule even permits a presentence report to include information about crimes for which a defendant was indicted but not convicted. *See, e. g., United States v. Needles*, 472 F.2d 652 (2d Cir. 1972); *Jones v. United States*, 307 F.2d 190 (D.C.Cir.1962). If Legrano finds that his parole possibilities are jeopardized, he can challenge the contents of his presentence report through administrative avenues as outlined in 28 C.F.R. § 2.19(c).

Legrano also asserts that he should not have received the same sentence as his co-conspirator, Vincent Gati, because Gati was allegedly the ringleader of the bootlegging conspiracy and had a more extensive record. Further, he complains that his sentence was unduly harsh in relation to sentences imposed on several of his other co-conspirators who had been tried in the Southern District of New York.

A sentence which is within statutory limits is generally not subject to review. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. King*, 420 F.2d 946 (4th Cir.), *cert. denied*, 397 U.S. 1017, 90 S.Ct. 1253, 25 L.Ed.2d 432 (1970). In this case, Legrano pleaded guilty to two counts of trafficking in contraband cigarettes, thereby exposing himself to a maximum term of 10 years in prison and a $200,000 fine. 18 U.S.C. § 2344(a). Legrano's two concurrent five-year prison sentences are well within the statutory limit.

Accordingly, finding no error in the district court's decision, we affirm the judgment and sentence.

*AFFIRMED.*