UNITED STATES of America, Appellee,

v.

**Jerry Clarence FRASER, Appellant.**

**No. 82–1601.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1982.

Decided Sept. 9, 1982.

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

ARNOLD, Circuit Judge.

Jerry Clarence Fraser was accused of robbing the Commercial National Bank, Airport Branch, in Little Rock, Arkansas, with an unloaded gun. He pleaded guilty to count I of the indictment, which charged bank robbery under 18 U.S.C. § 2113(a) (1976); the United States dismissed the remaining count, which charged armed bank robbery under § 2113(d); and the District Court[1] sentenced him to nine years' imprisonment. Later, on March 23, 1981, Fraser filed a motion under 28 U.S.C. § 2255 (1976) to vacate his sentence, alleging that the consequences of his guilty plea had not been explained to him and that he was sentenced erroneously for armed bank robbery.[2] The motion was denied, and Fraser appeals. In his brief, Fraser additionally alleges that his records at the United States Parole Commission reflect that he was sentenced for armed bank robbery.

We affirm the District Court's decision. We have examined the transcript carefully, and it shows that the District Court fully explained to Fraser the consequences of his guilty plea, thereby complying with Rule 11 of the Federal Rules of Criminal Procedure. The transcript also shows that Fraser was sentenced for bank robbery, not armed bank robbery; the District Court merely considered Fraser's use of an unloaded gun during the robbery as a factor in setting the sentence.

We believe Fraser has raised a substantial claim of unfair treatment by alleging that the records of the United States Parole Commission show he was sentenced for armed bank robbery.[3] Not only was Fraser not in fact convicted of armed bank robbery, he could not have been so convict-

George W. Proctor, U. S. Atty. by Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., and Martha M. Adcock, Paralegal, for appellee.

Before LAY, Chief Judge, and BRIGHT and ARNOLD, Circuit Judges.

1. The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. Fraser also alleges various claims based on the District Court's denial of his motions to obtain a transcript of his sentencing. Since a transcript has now been provided, these claims are moot.

3. Fraser brought this claim to the District Court's attention in July 1981, and that court entered an order setting out the exact charge to which Fraser pleaded guilty. We do not know whether Fraser's records were then corrected by the Parole Commission.

ed, because the gun was not loaded. See *United States v. Cobb*, 558 F.2d 486, 488 (8th Cir. 1977); *Evenstad v. United States*, 494 F.Supp. 146, 148 (D.Minn.1980). However, since this is a challenge to the execution of the sentence rather than to the sentence itself, we do not have jurisdiction under § 2255. See, *e.g., United States v. Janis*, 599 F.2d 266, 267 (8th Cir. 1979); *Lee v. United States*, 501 F.2d 494, 499–500 (8th Cir. 1974). Nevertheless, we suggest that the Parole Commission examine its records on Fraser and correct any errors. If this is not done, Fraser may bring a habeas corpus action under 28 U.S.C. § 2241 (1976) in the district where he is confined, which is not in this Circuit.

Affirmed.