**UNITED STATES of America, Plaintiff,**

v.

**Darrel Leon BURKHEAD, Defendant.**

**No. 79–00115–01–CR–W–1.**

United States District Court,
W.D. Missouri, W.D.

July 21, 1983.

---

25. *Id.* at 914.

26. *Id.*

Robert G. Ulrich, U.S. Atty., Robert E. Mydans, Dept. of Justice, Kansas City, Mo., for plaintiff.

Darrel Leon Burkhead, pro se.

## MEMORANDUM OPINION AND ORDERS DENYING DEFENDANT'S MOTION TO CORRECT PRESENTENCE REPORT AND FOR A PROTECTIVE ORDER AND DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

### I.

This case pends on defendant's *pro se* motion to correct presentence report and for a protective order. That motion was allegedly filed pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure. Defendant alleges that both the presentence report considered by this Court before imposition of sentence and the Form 792 presented to the Parole Commission by the

government after sentencing contained "material errors and incorrect information that currently adversely affect defendant's prison experience and parole consideration." Defendant's motion requested that "this Court enter an appropriate order expunging the challenged entries from the presentence report and directing that the United States Parole Commission not consider the information contained in the United States Attorney's Report unless the information herein challenged is established to the satisfaction of the Court."

■ Defendant's pending motion must be denied for the reason that Rule 32(c) does not vest this Court with jurisdiction to grant the relief sought by that motion. Principles most recently stated in *United States v. Leath,* 711 F.2d 119 (8th Cir.1983), which reiterated principles stated in *United States v. Fraser,* 688 F.2d 56, 58 (8th Cir. 1982), however, require that we make clear that defendant's motion is denied for want of jurisdiction and that we should add a suggestion to the Parole Commission to take further action in light of the government's concession that particular information in the presentence report was, in fact, inaccurate.

## II.

■ *United States v. Leath, supra,* makes clear that defendant's pending motion may not properly be treated as a § 2255 motion or a Rule 35 motion. *Leath,* like this case, involved a motion to correct presentence report. The defendant was convicted on a plea of guilty and sentenced in the Eastern District of Missouri in June, 1978. After serving almost 47 months of an earlier eight year sentence imposed in May, 1978 in the Eastern District of Arkansas, the defendant was classified by the Parole Commission in the "Greatest I" category. Leath alleged in his motion to correct presentence report filed in the Eastern District of Missouri on July 12, 1982 that his classification by the

Parole Commission was based upon erroneous information contained in the presentence report considered by the Eastern District of Missouri before sentence was imposed.

The Court of Appeals noted in *Leath* that "the district court denied the motion as untimely and without merit and noted that the Parole Commission was authorized to resolve disputes about the accuracy of the information used to determine eligibility for parole." The Court of Appeals, however, refused to consider the merits of the defendant's appeal. Rather, that Court dismissed the defendant's appeal and remanded the case to the district court with directions that it dismiss the motion to correct sentence for lack of jurisdiction.

The motion to correct presentence report filed in this case was allegedly filed "pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure." Rule 32(c), of course does not provide for any postconviction collateral attack on the accuracy of a presentence report. Nor does that Rule vest jurisdiction to review the accuracy of a Form 792 report that may be presented by the United States Attorney to the Parole Commission. Rather, that Rule provides for the discretionary disclosure of a presentence report to the "defendant, or his counsel." Rule 32(c)(3)(A) further provides that after disclosure and before the imposition of sentence, "the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report."

■ The transcript of the sentencing proceeding in this case establishes that Rule 32(c) was fully and fairly complied with at the time of sentencing. Indeed, defendant's motion does not present any question concerning this Court's compliance with that Rule.[1] We believe that it is clear that any complaint about the accuracy of a pre-

---

1. Defendant did state on page 2 of his motion

that "Prior to sentencing, by error or oversight,

sentence report must be made prior to the imposition of sentence and any alleged failure of the sentencing court to make appropriate inquiry in regard to the accuracy of the presentence report as provided in Rule 32(c)(3)(A) is subject to review on direct appeal. Rule 32(c) simply does not authorize a post-sentence collateral attack on the accuracy of a presentence report in the sentencing court.

*United States v. Legrano,* 659 F.2d 17 (4th Cir.1981), affirmed the district court's refusal to strike allegedly inaccurate items contained in a presentence report. That case concluded that "If Legrano finds that his parole possibilities are jeopardized, he can challenge the contents of his presentence report through administrative avenues as outlined in 28 C.F.R. § 2.19(c)." [659 F.2d at 18]

The rationale of *Smith v. United States,* 618 F.2d 507 (8th Cir.1980), is controlling in regard to defendant's claim in regard to the alleged inaccuracies contained in Form 792. That case involved a defendant's § 2255 claim that the government had "supplied erroneous information to the Parole Board resulting in misapplication of the parole guidelines." The Court of Appeals concluded that the district court did not err in denying the defendant an evidentiary hearing to consider such an allegation, noting that "relief should be sought in a petition for habeas corpus filed in the district court with jurisdiction over the prisoner or his keeper."

Defendant's Rule 32(c) motion may not properly be treated as a § 2255 motion or as a Rule 35 motion. *Leath* expressly noted that "the district court apparently treated appellant's 'Motion to Correct Presentence Report' like a 28 U.S.C. § 2255 motion to vacate, correct or modify sentence or a Fed. R.Crim.P. 35 motion to correct an illegal sentence." The Court of Appeals concluded that:

> We do not agree with the district court's characterization of appellant's motion as a § 2255 motion. Appellant did not challenge the validity of his sentence; he only wanted to remove certain allegedly erroneous information from his presentence report and reduce his parole eligibility classification. Because "this is a challenge to the execution of the sentence rather than to the sentence itself, we do not have jurisdiction under § 2255." *United States v. Fraser,* 688 F.2d 56, 58 (8th Cir.1982) (citations omitted).

It must be noted, however, that the Court of Appeals stated the following in footnote 2 on page 121 in *Leath:*

> As in the *Fraser* case, we suggest that the Parole Commission examine its records and, if necessary, correct any inaccurate information in appellant's file and reconsider appellant's parole eligibility classification. *See* 28 C.F.R. § 2.18(c) (1982); *Evans v. Dillahunty,* 662 F.2d 522, 526 (8th Cir.1981) (prisoners have a due process right to be advised of adverse information that may lead to an unfavorable parole decision and be given an opportunity to address it). If the matter is not considered by the Parole Commission, appellant may bring a habeas corpus ac-

---

the presentence report was not disclosed to the defendant and he was thus, unable to challenge erroneous information included in the presentence report and request that the report be corrected." Defendant's implicit claim that the presentence report should have been disclosed to him rather than to his counsel is frivolous. The Rule requires disclosure to "the defendant *or* his counsel." The record of the sentencing proceeding shows that defendant's counsel had been furnished and had carefully studied the presentence report before sentencing and that he made detailed comment to the Court in regard thereto at the time of sentence.

In footnote 1 on page 120 in *Leath,* the Court of Appeals stated the following: "Appellant argues that he was not shown the presentence report at the time of sentencing; however, appellant's counsel stated that he looked over the presentence report. 'A criminal defendant is not entitled to examine a presentence report to which his counsel has access.' *Knight v. United States,* 611 F.2d 918, 923 (1st Cir.1979); *see* Fed.R.Crim.P. 32(c)(3)(A)."

That principle is applicable to the undisputed facts in this case.

tion in the district in which he is confined.

Both *Fraser* and *Leath* recognize that the Parole Commission's reliance upon allegedly inaccurate information contained in a presentence report is subject to appropriate judicial review in a habeas corpus proceeding filed pursuant to 28 U.S.C. § 2241 in the district in which the defendant is confined. The defendants involved in those two cases were, in fact, confined in districts other than the districts in which they were sentenced. Thus, the sentencing court did not have jurisdiction of a § 2241 habeas corpus proceeding.

■ Defendant's Rule 32(c) motion, however, should not be presently treated as a § 2241 habeas corpus petition even though the record shows that defendant is presently in custody in this judicial district. For it is clear that the Court of Appeals anticipated in both *Fraser* and *Leath* that the Parole Commission would follow the Court of Appeals' suggestion that it "examine its records and, if necessary, to correct any inaccurate information in [the defendant's] file and reconsider [the defendant's] parole eligibility classification pursuant to 28 C.F.R. § 2.9(c) (1982)." *Leath* makes clear that the time for filing a § 2241 habeas corpus petition is not ripe until after the Parole Commission was afforded a reasonable period of time within which to examine and, if necessary, correct its records and to reconsider a particular defendant's parole eligibility classification in light of accurate information. Past experience in Parole Commission cases establishes that the Parole Commission does not ignore suggestions made by the judicial branch of our government.

Accordingly, appropriate orders will be entered which will direct the government to advise the Parole Commission of this Court's disposition of defendant's pending motion and which will afford the Parole Commission a reasonable period of time within which it may follow this Court's

suggestion made consistent with admonitions stated by the Court of Appeals in *Fraser* and *Leath.*

## III.

The factual circumstances in regard to one of the alleged inaccuracies contained in defendant's presentence report may be briefly stated. The defendant alleged on page 3 of his pending motion that:

The presentence report contains an error on page 3 under date of May 26, 1969, wherein it is indicated that the defendant was charged with assault with a deadly weapon in Criminal Action No. 12389, but fails to show a disposition of this charge. This action was in fact dismissed without conviction upon the oral motion of the County Attorney as shown in the documents attached to this motion and designated Defendant's Exhibits "A" and "B."

At defendant's parole hearing held at the Federal Correctional Institution at Texarkana, Texas on May 13, 1982, this entry was considered as if it were a conviction. See page 2, Initial Hearing Summary format attached as Exhibit "C" hereto.

Exhibit C attached to defendant's motion is a copy of defendant's Initial Hearing Summary which stated the following in regard to defendant's salient factors:

At age 19 he was convicted of DWI and in 1969 was fined for Assault with a Deadly Weapon.

Subject contests the conviction for Assault from Glenn [sic] County, Kansas, and presented a copy of a dismissal from Glenn [sic] County, Kansas; however, there were no actual information that would sufficiently link the assault charge with the charge indicated as dismissed. Subject was advised to obtain additional documentation which would result in a significant change in the salient factor score, if in fact the two charges were one in the same. Further as the Distributing [sic] the Peace conviction of 1971 was not utilized should the charge from 1969 be

found to be invalid subject would qualify for ancient criminal history credit and would therefore receive all points on Item A of the Salient Factor Score. However, the panel did not feel that the documentation submitted sufficient to alter these salient factor in regard to Item A at this time.

The government on page 3 of its response stated the following in regard to the factual circumstances in regard to the 1969 criminal charge in Linn (rather than Glenn) County, Kansas:

The defendant specifically attacks four areas in the presentence report.

The first area involves a criminal action in Linn County, Kansas, wherein the defendant was charged with assault with a deadly weapon. *The Government concedes that that court action resulted in a dismissal of those charges against the defendant.* Attached as Exhibit B hereto and incorporated herein by reference is a letter from Joseph Brandenburg, Jr., from the United States Probation Office indicating that, based on his investigation, the matter was dismissed. (See also Exhibit A, attached to defendant's pleading.)[2] [Emphasis ours]

In light of the factual circumstances stated, it is appropriate that this Court suggest, as did the Court of Appeals in *Fraser* and *Leath,* that the Parole Commission be afforded a reasonable period of time within which to examine its records and, if necessary, to correct any inaccurate information and to thereafter reconsider defendant's parole eligibility classification in light of the government's concession made in this case.

For the reasons stated, it is

ORDERED (1) that defendant's motion to correct presentence report and for a protec-

tive order should be and the same is hereby denied for lack of jurisdiction. It is further

ORDERED (2) that the government promptly transmit a copy of this Court's Memorandum Opinion and Orders this day entered to the Parole Commission by a letter which will direct specific attention to the suggestion that this Court has made, consistent with the Court of Appeals' directions in *Fraser* and *Leath, supra.* A copy of the government's letter of transmittal shall be forwarded to this Court so that the same may be filed as a part of the files and records in this case. It is further

ORDERED (3) that the Parole Commission shall have a period of thirty (30) days within which to advise the defendant whether it will follow the suggestion made by the Court as above stated. A copy of the Parole Commission's letter to the defendant shall be forwarded to the government and to this Court so that the same may be filed as a part of the files and records in this case. It is further

ORDERED (4) that if the Parole Commission determines that it will not follow the suggestion of this Court, it shall so advise the defendant in the manner above stated. In the event the Parole Commission fails to take any action whatsoever within the thirty (30) days above provided, the defendant is granted leave to file a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern Division of this Court at Springfield, Missouri.

That § 2241 habeas corpus petition will be processed in the Southern Division of this Court as any other § 2241 habeas corpus petition and the United States Magistrate serving that Court, to whom the Clerk shall also forward a copy of this Memoran-

---

**2.** The letter from the Probation Office dated June 6, 1983 confirmed that an order dated January 7, 1971 and filed January 11, 1971 in the District Court of Linn County, Kansas in *State of Kansas v. Darrel L. Burkhead,* No. 12,389, sustained a motion to dismiss filed by the County Attorney of Linn County, Kansas and ordered that that action against the defendant be dismissed. Exhibit A, attached to de-

fendant's motion, is a copy of the order referred to in the Probation Officer's letter. Exhibit B attached to defendant's motion establishes that case No. 12,389 was, in fact, an alleged charge of assault with a deadly weapon in violation of K.S.A. 21–431. See also page 7 of the government's response which reiterated that "the government concedes that the Linn County assault did not result in a conviction."

dum Opinion and Orders, may appoint a member of the Federal Public Defender's office stationed at Springfield, Missouri to assist the defendant in filing a § 2241 habeas corpus petition, should the filing of such a petition become necessary under the circumstances. It is further

ORDERED (5) that the Clerk shall forward a copy of this Memorandum Opinion and Orders to Robert G. Duncan, Esq., defendant's trial and appellate counsel, so that Mr. Duncan may give the defendant appropriate advice under the circumstances.