UNITED STATES of America, Appellee,

v.

**Michael J. GLEASON, III, Appellant.**

No. 84–2387.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 27, 1984.

Decided Jan. 23, 1985.

Michael J. Gleason, pro se.

John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Michael J. Gleason, III appeals from the district court's[1] denial of his motion for discovery and inspection. The United States has filed a motion to dismiss this appeal for lack of jurisdiction. We grant the motion to dismiss.

On July 27, 1983 Gleason pled guilty to one count of willfully and knowingly conspiring to defraud the United States by impeding the collection of income taxes in violation of 18 U.S.C. § 371 and one count of willfully and knowingly aiding and assisting in the preparation of a false income tax return in violation of 26 U.S.C. § 7206(2). He received a four year sentence and a $5,000 fine on count I and a four year sentence on count II; the sentence on count II was suspended and Gleason was placed on four years probation to follow his confinement on count I.

On December 13, 1983 Gleason filed a Rule 35 motion for reduction of sentence, arguing that he should be placed on probation and allowed to work in a public service capacity. The motion was denied.

On February 22, 1984 Gleason filed a second Rule 35 motion arguing that his sentence should be reduced because the court had relied on an incorrect figure in judging the seriousness of his crime. Count I charged Gleason with conspiring to impede the United States in the collection of income taxes by, *inter alia,* causing to be filed a number of individual income tax returns containing false and fraudulent contribution deductions which resulted in a loss of income tax revenue in an amount in excess of $100,000. In his second Rule 35 motion Gleason stated that he had had an opportunity to review the names of the taxpayers who had falsely claimed contributions and the amount of tax revenue lost, and had discovered that the amount of tax revenue involved was substantially less than $100,000. Additionally, Gleason asserted that the United States Parole Commission had miscalculated the severity of his crime based on the incorrect estimate of lost revenue, and this miscalculation affected his eligibility for parole.

In an order dated July 9, 1984 the district court denied the second Rule 35 motion noting that even if Gleason was correct in arguing that the estimate of lost revenue was inflated, his sentence would not have been different. The court, however, requested the probation officer for the district to prepare an addendum to Gleason's presentence investigation report setting forth the allegations Gleason made in his second Rule 35 motion.

On August 24, 1984 Gleason filed a motion in the district court for the production of the tax records of those taxpayers who claimed false charitable contributions. Gleason's conviction resulted from his activity concerning contributions to the Universal Life Church by the various taxpayers, and these were the objects of his discovery. He stated that the IRS had denied his discovery request and his Freedom of Information Act request to produce these records and that he needed the records to determine the exact amount of tax revenue lost as a result of the count I conspiracy. Gleason emphasized that the tax records were necessary to convince the Parole Commission that it had miscalculated the severity of his crime. The district court denied the discovery motion, noting that such a motion should be directed to the Parole Commission. This appeal followed.

Gleason states in his brief that on August 28, 1984, four days after filing his discovery motion in the district court, the Parole Commission denied his request to recalculate his parole eligibility and also denied his request to investigate the accuracy of the estimate of tax revenue lost as a result of the count I conspiracy. He thus argues that he has exhausted his remedy before the Parole Commission and that his

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

discovery motion should now be granted. Gleason has filed a separate discovery motion in this court.

The United States has filed a motion to dismiss this appeal for lack of jurisdiction, arguing that since Gleason's criminal case was disposed of in July of 1983 and since he had no action pending in the district court when he filed the discovery motion, the district court lacked jurisdiction to consider the motion.

 We agree. At the time Gleason filed the discovery motion his criminal case was closed and his two Rule 35 motions had been denied; there was no case pending in the district court. The motion cannot be construed as a 28 U.S.C. § 2255 motion to vacate, correct or modify a sentence because it did not challenge his sentence [2] but rather the Parole Commission's calculation of his parole eligibility. Because the purpose of Gleason's discovery motion was to challenge the execution of his sentence and not the sentence itself, the district court lacked jurisdiction under § 2255 to consider it. *See United States v. Leath*, 711 F.2d 119, 120 (8th Cir.1983); *United States v. Fraser*, 688 F.2d 56, 58 (8th Cir.1982). Nor did the district court have jurisdiction if we construe the discovery motion as a habeas corpus petition under 28 U.S.C. § 2241 because Gleason did not file the motion in the district in which he is confined. *See United States v. Leath*, 711 F.2d at 120; *United States v. Fraser*, 688 F.2d at 58.[3]

Accordingly, we dismiss the appeal for lack of jurisdiction.

---

**2.** In his response to the government's response to his discovery motion Gleason stated "[t]he Defendant's sentence is not at issue. The Defendant perceives the fairness of the sentence within the prescription of the Court * * *."

**3.** Gleason is currently serving his four year sentence in a United States camp at Leavenworth, Kansas.