805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dan BAGBEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-1076.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1986.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner appeals the judgment denying and dismissing his motion to vacate sentence under 28 U.S.C. Sec. 2255. He now applies for leave to proceed on appeal in forma pauperis and for appointment of counsel. These motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Following a lengthy 1981 jury trial, the petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine. He was sentenced to four years imprisonment. Immediately thereafter, he entered an Alford[1] plea to an unrelated charge of receiving goods stolen from interstate shipment. He was sentenced to one year imprisonment (with release after four months) to be served concurrently with the prior sentence. The petitioner appealed the drug conviction to this Court which affirmed in an unpublished order. United States v. Bagbey, et al., 720 F.2d 680 (6th Cir.1983). The Supreme Court denied certiorari. 466 U.S. 903 (1984). The petitioner began serving his sentence in May, 1984.
 
 
 3
 In 1985, the petitioner filed the first of many motions challenging the accuracy of information contained in the presentence reports prepared for each of the above convictions. He argued that the reports overstated his role in the drug conspiracy and contained other inaccuracies which caused the United States Parole Commission to rule unfavorably upon his parole application. The district court summarily denied these motions, stating that the corrections requested by the petitioner at the sentencing hearings had already been made and that it could not grant additional relief.
 
 
 4
 The petitioner also filed this action under Sec. 2255 asserting, for the first time, that the district court relied upon the same alleged inaccuracies in sentencing the petitioner, denied the petitioner an opportunity to comment upon the inaccuracies at the sentencing hearings, and permitted a copy of the second presentence report to be sent to the Parole Commission despite assurances it would "not go anywhere." The district court again summarily denied relief, stating it had already fully considered the presentence report arguments and found them without merit. This timely appeal followed.
 
 
 5
 It is a denial of due process for a court to impose a sentence based upon information that is materially false. Townsend v. Burke, 334 U.S. 736 (1948). A district court has an obligation to scrutinize presentence reports for prejudicial inaccuracies, United States v. LeBlanc, 762 F.2d 502 (6th Cir.), cert. denied, 106 S.Ct. 156 (1985), and Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, provides a means for a defendant to challenge alleged inaccuracies. If the district court's sentencing decision is unaffected by the alleged inaccuracies, however, it has no duty to delete the information from the presentence report, United States v. Charmer Industries, Inc., 711 F.2d 1164, 1172 & n. 8 (2d Cir.1983), and the defendant cannot later attack his sentence on the basis that such information was included in the report. LeBlanc, supra, 762 F.2d at 505; Ostrer v. Luther, 615 F.Supp. 1568, 1573-74 (D.Conn.1985).
 
 
 6
 Based upon the voluminous record before us, we cannot conclude that the alleged inaccuracies had any effect upon the sentences given the petitioner. The sentence imposed for the receipt of stolen goods conviction was the result of a plea bargain. The second presentence report (the one the petitioner finds more offensive), therefore, had no effect upon either sentence. As to the sentence resulting from the drug conviction, we note the sentencing judge had presided over the lengthy jury trial and therefore was familiar with all aspects of the conspiracy and the evidence pertaining to the petitioner's role therein. We also note the court rejected the longer sentences recommended in the presentence report and imposed a lesser sentence. Under these circumstances, we perceive no basis for the petitioner's claims that his sentences resulted from or were affected by inaccuracies in the presentence reports. Cf. LeBlanc, supra.
 
 
 7
 To the extent the petitioner seeks modification of the presentence reports because of their use by the Parole Commission, we conclude the district court did not err in deciding it had no authority to make such modifications in an action under Sec. 2255. The Parole Commission may resolve challenges to the accuracy of presentence reports at the parole hearing, see 28 C.F.R. Sec. 2.19(c), and an inmate must utilize that procedure. See Maynard v. Havenstrite, 727 F.2d 439 (5th Cir.1984); United States v. Leath, 711 F.2d 119 (8th Cir.1983); United States v. Legrano, 659 F.2d 17 (4th Cir.1981); Ostrer v. Luther, supra; United States v. Mittelsteadt, 614 F.Supp. 887 (E.D.Wis.1985). Should the Parole Commission rely upon inaccurate information to make a parole determination, an inmate may seek relief under 28 U.S.C. Sec. 2241. Such an action, however, must be filed in the federal judicial district encompassing the inmate's place of incarceration. Leath, supra; United States v. Burkhead, 567 F.Supp. 1425, 1429 (W.D.Mo.1983). The district court below has no jurisdiction over this matter.
 
 
 8
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 9
 It is ORDERED that the motions pending herein be and both are hereby denied.
 
 
 10
 It further is ORDERED that the district court's judgment of December 17, 1985, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 An Alford plea is one where the defendant denies his guilt, but concedes the prosecution has sufficient proof for a conviction. See North Carolina v. Alford, 400 U.S. 25 (1970)