**UNITED STATES of America, Plaintiff,**

v.

**Israel FLEMINGS, Defendant.**

**No. 86 Civ. 7658 (JES).**

United States District Court,
S.D. New York.

Sept. 3, 1987.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; Bruce A. Green, Asst. U.S. Atty., of counsel.

Israel Flemings, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, petitioner Israel Flemings seeks to have his sentence vacated or corrected pursuant to 28 U.S.C. § 2255 (1982). Petitioner alleges that he was denied effective assistance of counsel both at trial and at sentencing in violation of the sixth amendment to the United States Constitution. *See* Petition at 5a. Specifically, petitioner contends that his counsel's assistance at trial was ineffective because counsel failed to discuss the case with petitioner, to conduct an investigation, to file pretrial motions, or to obtain discovery. *See id.* With regard to his counsel's actions at sentencing, petitioner alleges that counsel failed to prepare a defense sentencing memorandum, to discuss the presentence investigation report with petitioner, or to request an evidentiary hearing on the factual allegations in that report. *See id.* Petitioner also challenges counsel's failure to request a continuance "so that he could properly prepare for sentencing," to file a motion to reform the report, and to appeal after sentencing. *See id.*

To prevail on a claim of ineffective assistance of counsel, petitioner must prove both ineffective assistance and prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *accord Kimmelman v. Morrison* 477 U.S. 365, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). To establish ineffective assistance, petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland, supra,* 466 U.S. at 688, 104 S.Ct. at 2065. Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id.* at 687, 104 S.Ct. at 2064.

To establish prejudice, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. In making this determination, the Court must consider the totality of the evidence before the jury, and whether or not it was affected by counsel's errors. *See id.* at 695–96, 104 S.Ct. at 2068–69.

As is clearly demonstrated by the trial record with which this Court is thoroughly familiar, defense counsel's representation at trial was not only *not* ineffective, but highly competent. Defense counsel aggressively cross-examined the government's witness, and, on summation,

argued most persuasively that the government had not proven its case beyond a reasonable doubt. In light of defense counsel's performance, petitoner's allegations of his counsel's lack of preparation are frivolous. Moreover, the evidence introduced at trial, including the petitioner's dubious testimony, overwhelmingly established petitioner's guilt. Therefore, even assuming counsel's performance was ineffective, which it most assuredly was not, petitioner has not and cannot demonstrate any reasonable probability that any additional preparation or investigation would have led to a different result. It follows that petitioner was in no way prejudiced by his counsel's performance.

■ Petitioner also argues that counsel was ineffective at sentencing. This claim is unsupported by the record.[1] Although it is true that counsel did not file a presentence memorandum, this omission does not constitute ineffective assistance of counsel. Indeed, it is the Court's experience that defense attorneys rarely file presentence memoranda. Moreover, at the sentencing, defense counsel brought out facts not elicited at trial or in the presentence investigation report in support of his plea for leniency. Petitioner has also failed to show that any ineffective assistance of counsel prejudiced him at the sentencing, because the sentence was amply justified by petitioner's prior criminal record and the severity of the crime.

## CONCLUSION

The Court concludes that petitioner has failed to establish ineffective assistance of counsel either at trial or at sentencing. Thus, the petition is dismissed. The Clerk of the Court shall close the case.

It is SO ORDERED.

---

1. Most of the allegations listed in support of the claim of ineffective assistance at sentencing are also the basis for petitioner's contention that Fed.R.Crim.P. 32 was violated. *See* Petitioner's Memorandum of Law Sur Motion Pursuant to 28 U.S.C. § 2255 at 3–7. The record of the sentencing hearing demonstrates, however, that the requirements of Rule 32 were met. At the hearing, the Court asked petitioner if he had read the presentence investigation report and petitioner stated that he had. *See* Sentencing Transcript at 12. Since neither petitioner nor his counsel raised any objections to the report at that time, the court was not required by Fed.R. Crim.P. 32(C)(3)(D) to make any findings on disputed facts. Indeed, even now, petitioner has failed to cite any specific inaccuracies in the presentence investigation report.

In any event, to the extent that petitioner is able to document inaccuracies in the report, this court lacks jurisdiction to entertain a motion to correct the report after sentencing. *See United States v. Leath,* 711 F.2d 119 (8th Cir.1983); *United States v. Burkhead,* 567 F.Supp. 1425 (W.D.Mo.1983). Petitioner may seek a modification of the report by informing the Parole Commission of the controverted matter pursuant to 18 U.S.C. § 4207 (1982) and 28 CFR 2.19(c) (1986). The decision of the Parole Commission is, of course, subject to judicial review in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (1982). *See Burkhead, supra,* 567 F.Supp. at 1429.