831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas MARSTILLER, Defendant-Appellant.
 No. 87-7098.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1987.
Decided Oct. 21, 1987.
 
 Thomas Marstiller, appellant pro se.
 Thomas Oliver Mucklow, Assistant United States Attorney, for appellee.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Marstiller pled guilty in 1986 to conspiracy to distribute cocaine and to one count of distribution of cocaine. The remaining numerous counts, including charges of distribution to a minor, were dismissed pursuant to a plea agreement with the government. Marstiller received concurrent sentences of seven years on each count and a special parole term. Marstiller now alleges that the probation office, in his presentence report, wrongly estimated the guideline range which the Parole Commission would probably use in determining his eligibility for parole. By motion he requested the district court to "adjust" the estimated guidelines prepared by the probation office. The district court denied the motion and we affirm its decision.
 
 
 2
 Marstiller's basic contention is that the probation office confused grams with ounces and thereby arrived at a total amount of cocaine which was larger than the amount actually involved in his offense.
 
 
 3
 The presentence report does not contain a total calculation of how much cocaine Marstiller is alleged to have sold over the relevant five-year period. It does list, in both ounces and grams, the amounts which Marstiller is estimated to have sold to various individuals during that time. The Parole Commission is left to make its own calculation of the total amount involved.
 
 
 4
 Marstiller and his attorney reviewed the presentence report before the sentencing hearing, and Marstiller's attorney stated in a letter to the judge before the hearing, and at the hearing itself, that Marstiller denied having sold the amounts alleged in the prosecution version. The government responded that it was ready to substantiate its version. The judge assured Marstiller that in sentencing he would not rely on the contested information. Because Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure requires this determination to be attached to the presentence report when it is sent to the Parole Commission, we are confident that the district court has done so.
 
 
 5
 In any event, the estimated parole guideline data prepared by the probation office and included in the presentence report is not binding on the Parole Commission. Under 28 C.F.R. Sec. 2.19(a), the presentence report is only one of many pieces of information which the parole commission is required to consider when making a parole determination. The decision to grant or deny parole is committed to the unreviewable discretion of the Parole Commission. Garcia v. Neagle, 660 F.2d 983 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982). A prisoner who disputes the accuracy of information in his presentence report and who feels it will jeopardize his parole possibilities may present evidence favorable to him to the Parole Commission; the commission will resolve the dispute by the preponderance of the evidence standard. 28 C.F.R. Sec. 2.19(c). This is Marstiller's proper remedy. United States v. Legrano, 659 F.2d 17, 18 (4th Cir. 1981). If the prescribed administrative review does not resolve the matter, Marstiller may then seek judicial review in a habeas corpus action filed pursuant to 28 U.S.C. Sec. 2241 in the district in which he is confined. United States v. Leath, 711 F.2d 119, 120 (8th Cir. 1983).
 
 
 6
 Therefore, we deny Marstiller's motion for appointment of counsel and affirm the order of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED.