835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick David CURREY, Defendant-Appellant.
 No. 87-7691.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 22, 1987.
Decided Nov. 24, 1987.
 
 Patrick David Currey, appellant pro se.
 Tommy Eugene Miller, Office of United States Attorney, for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Patraic David Currey appeals from the district court's order entered on remand of this case and from the court's subsequent refusal to modify this order. Finding that the district court's order fails to comply fully with the mandate of this Court in United States v. Currey, No. 87-7074 (4th Cir. July 13, 1987) (unpublished), we again remand to the district court for entry of an appropriate order.
 
 
 2
 In No. 87-7074, we found that there had been no compliance with the requirement of Fed.R.Crim.P. 32(c)(3)(D) that a written record of the district court's findings on controverted matters in the presentence report "be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission." We further noted that failure to append a written record of the court's findings to the presentence report had resulted in the Parole Commission's discounting Currey's representation that the district court had resolved the controverted matters in his favor. We therefore remanded the case to the district court for compliance with the appending requirement, specifically directing the district court as follows:
 
 
 3
 On remand the district court should enter an order directing the probation officer to append a copy of the sentencing transcript to the presentence report as a written record of the court's findings on Currey's objections to the report. The probation officer should further be directed to provide to the Bureau of Prisons and the Parole Commission a copy of the presentence report with the district court's order directing this relief and the sentencing transcript appended to it.
 
 
 4
 No. 87-7074, slip op. at 7-8.
 
 
 5
 On remand the district court entered the following order:
 
 
 6
 In accordance with the Order of the United States Court of Appeals for the Fourth Circuit and its decision on July 13, 1987, the Probation Office of this Court is ORDERED to file a transcript of the sentencing proceedings in this case with the Parole Commission, said transcript to be made a part of the defendant's Presentence Report.
 
 
 7
 The court denied Currey's subsequent motion to modify the order to provide further relief.
 
 
 8
 This Court's opinion in No. 87-7074 explicitly set forth the terms of the order to be entered by the district court. The order entered failed to meet these explicit requirements. It did not direct the probation officer to append a copy of the order as well as the transcript to the presentence report and did not direct that these materials be filed with the Bureau of Prisons as well as with the Parole Commission. In view of these failings, we again remand the case to the district court for compliance with the direction given in our prior opinion.
 
 
 9
 We deny Currey's request made in the district court and on appeal that the district court also order the Probation Office to correct its letter to the Parole Commission of August 14, 1986 regarding the extent of Currey's involvement in the offense. It is the sentencing court's responsibility under Fed.R.Crim.P. 32(c)(3)(D) to ensure that a copy of its written findings is appended to any copy of the report made available to the Bureau of Prisons or Parole Commission. Other complaints regarding the information considered by the Parole Commission, such as Currey's complaint regarding the Probation Office's letter, may be pursued administratively. See 28 C.F.R. Sec. 2.19(c); United States v. Legrano, 659 F.2d 17 (4th Cir.1981). Moreover, any complaint that the Parole Commission has refused to correct material misinformation relates to the execution rather than the imposition of sentence, and is pursued under 28 U.S.C. Sec. 2241 in the district of confinement rather than under 28 U.S.C. Sec. 2255 in the sentencing court.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process. The case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 11
 REMANDED.