836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronaldo Alexander MARINE, Defendant-Appellant.
 No. 87-7265.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1987.
Decided Dec. 23, 1987.
 
 Ronaldo Alexander Marine, appellant pro se.
 Justin W. Williams, Assistant U.S. Attorney, for appellee.
 Before DONALD RUSSELL, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronaldo A. Marine pled guilty in 1985 to participation in a conspiracy to manufacture and distribute PCP. He has since filed three motions to vacate his sentence under 28 U.S.C. Sec. 2255. In at least two of those motions he raised the issue of error in his presentence report.
 
 
 2
 In his most recent motion, Marine requested that he be furnished with a copy of his presentence report so that he could move for correction of certain material in it. The district court denied the motion and Marine appeals.
 
 
 3
 The district court is given the authority to disclose the presentence investigation report to a defendant at the time of sentencing by Rule 32(c)(3), Federal Rules of Criminal Procedure. Under Rule 32(c)(3)(E), the sentencing court may, in its discretion, allow a defendant to keep a copy of the presentence report. Otherwise, it must be returned to the probation officer immediately after sentencing. The rule does not address the issue of an inmate's access to his presentence report once he is in prison. The Advisory Committee notes to the 1983 amendment state that "the Bureau of Prisons and the Parole Commission are free to make provision for disclosure to inmates and their counsel." However, 28 C.F.R. Sec. 2.56(b) (1985) (Disclosure of Parole Commission Regional Office File), provides that "[a]ny request for copies of court documents (including the presentence investigation report) must be directed to the appropriate court." Because he was complying with this regulation, Marine's request to the sentencing court was reasonable, and the sentencing court was free to exercise its discretion in granting or denying the request. After a review of the record, we find that the district court did not abuse its discretion in denying the request.
 
 
 4
 Marine remains free to contest the accuracy of the information in his presentence report through a habeas corpus action pursuant to 28 U.S.C. Sec. 2241 in the district where he is confined. United States v. Leath, 711 F.2d 119 (8th Cir.1983). He may also formally request a copy of his presentence report under the Freedom of Information Act from the United States Parole Commission.
 
 
 5
 For the reasons given above, we affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED.