854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Thomas LURZ, Jr., Defendant-Appellant.
 No. 87-7585.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1988.
Decided Aug. 12, 1988.
 
 Raymond Thomas Lurz, Jr., appellant pro se.
 Donna Helen Triptow, Office of U.S. Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond Lurz appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. Lurz's claims of ineffective assistance of counsel and double jeopardy constitute an abuse of the writ. Sanders v. United States, 373 U.S. 1, 17-18 (1963); Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985). The claims which allege that the computation of the time Lurz must serve in prison has been adversely affected by incorrect information in his presentence report and by the Comprehensive Crime Control Act of 1984 are not cognizable in a Sec. 2255 proceeding. They attack the execution, not the fact, of his sentence, and should be raised in a habeas corpus petition under 28 U.S.C. Sec. 2241 in the district where he is confined. United States v. Snow, 748 F.2d 928, 933-34 (4th Cir.1984); United States v. Leath, 711 F.2d 119, 120 (8th Cir.1983).
 
 
 2
 Accordingly, we affirm the order of the district court as to Lurz's ineffective assistance and double jeopardy claims. We vacate the district court's judgment as to Lurz's remaining two claims and remand for their dismissal without prejudice so as to allow Lurz to refile them in the proper judicial district. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.