873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert JAMES, Defendant-Appellant.
 No. 88-5568.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 20, 1989.
 
 Robert James, appellant pro se.
 John Warren Stone, Jr., Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert M. James was serving a sentence imposed by the district court in the District of Columbia for assault with a deadly weapon when he was transferred from FCI-Leavenworth to the Salvation Army Community Treatment Center in Winston-Salem, North Carolina, in anticipation of parole. About a month before his parole date, James left the Center and did not return. He was later apprehended and pled guilty to escape (18 U.S.C. Sec. 751(a)) on January 13, 1988, with the assistance of a court-appointed attorney. During his sentencing on April 22, 1988, James expressed dissatisfaction with his attorney and undertook to represent himself. He received a six-month sentence to be served at the end of his prior sentence.
 
 
 2
 James is now appealing his conviction; he has been granted leave to dismiss his second court-appointed attorney and proceed pro se. After careful consideration of the issues raised in this appeal, we affirm the conviction.
 
 
 3
 The principal argument raised by James is that his guilty plea was involuntary and should not have been accepted by the district court. He contends that his attorney was incompetent and that the attorney's ineffectiveness should have been obvious to the trial judge and should have caused him to reject the plea.
 
 
 4
 However, the transcript of the guilty plea hearing reveals that the procedure required by Fed.R.Crim.P. 11 was followed. In response to questions put to him by the trial judge, James, who stated that he had a college degree, assured the court that he understood the charge against him, that he was mentally able to make the decision to plead guilty, that he had discussed the charges and his possible defenses with his attorney, that no threats or promises had induced him to plead guilty and that he was satisfied with the services of his attorney. A defendant's in-court allegations that his guilty plea is voluntary and informed is conclusive unless compelling evidence, such as ineffective assistance of counsel, is presented to refute his statements. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 5
 James asserts that his attorney was ineffective in that the attorney told him that he would not be allowed to present the evidence he wished to present in his defense if he went to trial. James states that he believed he had no alternative but to plead guilty against his will. The attorney apparently advised James against attempting a defense based on the theory that his confinement at the Treatment Center was an illegal restraint. This advice did not amount to ineffective assistance. In United States v. Haley, 417 F.2d 625 (4th Cir.1969), this Court upheld the attempted escape conviction of an inmate who maintained that he was being improperly held and at the wrong institution. We repeat the caution given in Haley that a prisoner's complaints about the legality of his imprisonment should be addressed to the proper administrative body or the courts. Haley, 417 F.2d at 626.
 
 
 6
 We note that James' basic contention--that District of Columbia prisoners confined in the federal prison system should be subject to District of Columbia parole guidelines, not federal guidelines--has recently been upheld by a decision of the district court for the District of Columbia. See Cosgrove v. Thornburgh, --- F.Supp. ----, No. 80-0516 (D.D.C. Dec. 30, 1988) (available on WESTLAW, 1988 WL 145722 (D.D.C.)). One of the documents submitted by James with his informal brief indicates that the previous U.S. Parole Commission decision with regard to his release date has been voided and a hearing has been scheduled to set a new date using District of Columbia Parole Regulations and Guidelines. This procedure is the proper remedy for James' complaints about his confinement.
 
 
 7
 James also argues that the sentencing court erred in failing to allow him to present, during the sentencing hearing, several motions which he describes as crucial to his defense, and in refusing to grant him a continuance so that he could prepare his defense. We find no error here. James had already pled guilty to the offense. He had not expressed any desire to withdraw his plea and indicated that he expected to be sentenced that day. Under these circumstances, the sentencing judge did not error in denying a continuance and in refusing to allow James to present his other motions in court.*
 
 
 8
 James next contends that he was not given enough time to review his presentence report and rebut certain information contained in it. The sentencing judge recessed for part of the morning to allow James to review the presentence report and informed James that it would not rely on any information in the report in imposing sentence. The requirements of Fed.R.Crim.P. 32 were therefore met. If James disputes the accuracy of the information in his presentence report and feels that it will affect his parole possibilities, he may present evidence favorable to him to the Parole Commission. The Commission will resolve the dispute by the preponderance of the evidence standard. 28 C.F.R. Sec. 2.19(c); United States v. Legrano, 659 F.2d 17, 18 (4th Cir.1981). If the prescribed administrative review does not resolve the matter, James may then seek judicial review in a habeas corpus action, filed pursuant to 28 U.S.C. Sec. 2241 in the district in which he is confined. United States v. Leath, 711 F.2d 119, 120 (8th Cir.1983).
 
 
 9
 The sentence James received was the one contained in the plea agreement--six months. The sentence pronounced by the judge in court and the judgment and commitment order agree that the sentence will be consecutive to the prior sentence. James did not receive credit against his sentence on the escape charge for the time between his arrest on the escape charge and his sentencing because that time was credited against his prior sentence. James' present confinement in a federal penitentiary without his consent is not illegal under 18 U.S.C. Sec. 4083 because he is presently serving the remainder of his prior sentence, which was for more than one year. The special assessment imposed on James was not part of the sentence; it was imposed pursuant to 18 U.S.C. Sec. 3013 which directs that persons convicted of federal offenses shall pay a small amount which goes into a victim's assistance fund.
 
 
 10
 Accordingly, we affirm James' conviction. We grant his motion to omit the Anders brief prepared by his attorney from the record. We deny his motions to correct the record, for an evidentiary hearing, for an investigation of government officers and employees and for a stay to enable James to make application for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 James was instructed to file his motions with the Clerk, which he did. The district court then ruled on them and they are part of the record in this case