914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry HOPKINS, a/k/a Spade, Defendant-Appellant.
 No. 90-7312.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-88-76-N)
 Larry Hopkins, appellant pro se.
 Charles Dee Griffith, Jr., Office of the United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Hopkins appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* United States v. Hopkins, CR-88-76-N (E.D.Va. Mar. 29, 1990). Pursuant to 28 U.S.C. Sec. 2106, we modify the district court's opinion to reflect that the dismissal of Hopkins' expungement claim is without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Even if Hopkins' request for expungement of disputed information from his PSI is liberally construed as a complaint about misinformation in his prison files, it was still properly denied by the district court. As a jurisdictional prerequisite to filing an action challenging misinformation in a prison file, a federal prisoner must first present his evidence to the Parole Commission, which will resolve the dispute by the preponderance of the evidence standard. 28 C.F.R. Sec. 2.19(c). This is Hopkin's proper remedy. See United States v. Legrano, 659 F.2d 17, 18 (4th Cir.1981). If Hopkins is not satisfied with the Commission's disposition of his claim, he may seek review in a 28 U.S.C. Sec. 2241 petition. See United States v. Leath, 711 F.2d 119, 120 (8th Cir.1983). Therefore, this claim was properly dismissed