813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert H. VENERI; Mountain Motor Sales, Inc., Defendants-Appellants.
 No. 86-5569.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1986.
Decided March 5, 1987.
 
 Before HALL, SPROUSE and WILKINS, Circuit Judges.
 Anthony Randall Veneri (Randall L. Veneri, on brief), for appellant.
 Douglas Cannon, Assistant United States Attorney; (Kenneth W. McAllister, United States Attorney; Robert H. Edmunds, Jr., Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Mountain Motor Sales, Inc. and Robert H. Veneri, its president, appeal convictions of conspiracy, mail fraud, odometer tampering, aiding and abetting odometer tampering, false odometer certification, and aiding and abetting false odometer certification. We affirm the convictions.
 
 I.
 
 2
 This case involves the roll back of odometers and the concealment of the roll back by used car dealers located in North and South Carolina. The lower mileage reading on a rolled back odometer makes an automobile appear more valuable to the purchaser and allows the seller to command a higher price. To prevent a purchaser from learning of the roll back, it is essential that no documents which reflect the true mileage of the vehicle accompany the vehicle at sale. The majority of states, including North and South Carolina, have attempted to curtail the practice of rolling back odometers by requiring a mileage statement on all certificates of title.
 
 
 3
 Nevertheless, unscrupulous dealers could circumvent this requirement by passing a title through a willing dealer in a state, such as West Virginia,[1] which did not require the inclusion of a mileage statement on titles issued. Using this inconsistency in the laws of neighboring states, dealers in North and South Carolina would transfer titles issued by their states to Appellants and receive West Virginia titles, free of any mileage statement. By this process titles were "washed." "Clean" titles were then transferred to the vehicle's ultimate purchaser.
 
 
 4
 Appellants were indicted along with 14 other defendants but were granted a separate trial. The indictment specified 18 cars with which Appellants were involved, nine listed in substantive counts and the other nine listed as overt acts. The evidence at trial, however, revealed that Appellant Veneri managed an operation of a much larger scale. Each week his accomplice would pick up North and South Carolina titles at certain truck stops. The North and South Carolina dealers would pay $35.00 to $100.00 to have a title washed. The evidence showed that Veneri and his company had received at least $50,000.00 for washing titles.
 
 II.
 
 5
 Appellants' contentions that the Assistant United States Attorney during his closing argument improperly commented on Veneri's failure to testify, improperly shifted the burden of proof, and misstated the evidence, were not raised in the trial court. After reviewing the statements complained of, both individually and cumulatively, we find no plain error allowing us to review these statements in the absence of an objection below. Fed.R.Crim.P. 52(b). We further decline to address Appellants' selective prosecution argument because it also was not raised below and because there is no competent evidence in the record to support the claim.
 
 
 6
 Appellants additionally assert that they received ineffective assistance of counsel. A claim of ineffective assistance should first be raised in a proceeding pursuant to 28 U.S.C.A. Sec. 2255 (West 1971). United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). There is a narrow exception to this rule allowing presentation of the question on direct appeal when it "conclusively appears" from the record that the defendant was deprived of adequate representation. Id., quoting United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). The present case does not fall within the exception.
 
 
 7
 Appellants argue that they were wrongfully convicted of aiding and abetting when the evidence showed they were merely accessories after the fact. This argument is premised on the allegation that the odometers were altered prior to the time the titles were washed. Appellants' position ignores the continuous and systematic nature of the operation. Moreover, when Wayne Evans, an intermediary between Veneri and some of the dealers, left the operation, Veneri directly contacted at least two of the dealers and informed them that business would continue as usual. Accordingly, we find the evidence adequately supports the aiding and abetting convictions as it shows a knowing association with and participation in the criminal venture. United States v. Winstead, 708 F.2d 925, 927 (4th Cir.1983).
 
 
 8
 The final assertion by Veneri is that his presentence report improperly referred to 92 cars when the indictment only involved 18. Appellant's reliance on United States v. Legrano, 659 F.2d 17 (4th Cir.1981) is misplaced, for Legrano does not hold that evidence of uncharged misconduct is barred from inclusion in the presentence report.
 
 
 9
 Accordingly, the convictions are affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 West Virginia changed its law on July 1, 1983 to conform with the majority of states