842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bobby Eugene BAILES, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Parole Board,
Defendants-Appellees.
 No. 87-6579.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 24, 1988.
 
 Bobby Eugene Bailes, appellant pro se.
 Nancy Carper Hill, Assistant U.S. Attorney, for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bobby Eugene Bailes appeals from the denial of his 28 U.S.C. Sec. 2201 action wherein he alleged that his presentence report was false and that his parole should not be revoked while his appeal was pending. We affirm the district court's dismissal of the action.
 
 
 2
 Bailes predicated this suit on 28 U.S.C. Sec. 2201. This statute, however, is procedural only and is not in itself a basis for jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950). Bailes has not alleged that the district court relied on material misinformation in imposing sentence. Thus, he has failed to state a claim under 28 U.S.C. Sec. 2255.
 
 
 3
 As Bailes' allegations focus more on the United States Parole Board's execution of his sentence, his remedy would be under 28 U.S.C. Sec. 2241. Before such a suit would be proper under Sec. 2241, however, Bailes must first demonstrate that (1) information is in his file; (2) the information is false; and (3) it is relied upon to a constitutionally significant degree. Paine v. Baker, 595 F.2d 197, 201 (4th Cir.), cert. denied, 444 U.S. 925 (1979). In addition, Bailes would need to establish that he has pursued his administrative remedies. Paine, 595 F.2d at 202-03 (as jurisdictional predicate to filing action regarding misinformation in prisoner's record, prisoner must first request authorities to expunge information and give authorities reasonable opportunity to respond); see also United States v. Legrano, 659 F.2d 17 (4th Cir.1981).
 
 
 4
 As Bailes has demonstrated neither that allegedly false information in his presentence report is being relied upon to a constitutionally significant degree nor that he has requested authorities to expunge the information, we affirm the district court's dismissal of the action. As the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.