976 F.2d 729
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles R. WILCOX, Defendant-Appellant.
 No. 91-7720.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 14, 1992
Decided: September 11, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-88-43-A, CA-91-85-A)
 Charles R. Wilcox, Appellant Pro Se.
 Mary Stanley Feinberg, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant Charles Roger Wilcox appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). Wilcox makes four claims, urging that: (1) he received ineffective assistance of counsel at sentencing; (2) the district court erred in not making written findings regarding objections made to information in the presentence report; (3) his plea bargain was invalid due to coercion; and (4) even if valid, the plea bargain was breached by the Government. The district court rejected the first claim, concluding that Wilcox had failed to allege facts sufficient to state a claim under the test outlined in Strickland v. Washington, 466 U.S. 668 (1984). The second claim was dismissed as a non-constitutional issue not raised on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). The last two claims were dismissed because Wilcox had not raised them on direct appeal and did not show cause for his failure to do so. United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 2
 We agree with the district court's conclusions regarding the first two claims. The procedural default on the last two claims is more problematic. The Supreme Court, in United States v. Frady, held that a defendant who fails to make a contemporaneous objection to trial errors must show cause and prejudice to raise the error as an issue in a § 2255 motion. Id. This Circuit has never addressed whether Frady is applicable to collateral challenges to an unappealed guilty plea. Other courts addressing the issue in the specific context of challenges to guilty pleas based on breaches of plea bargains or involuntariness of the plea have split regarding Frady 's applicability. Compare United States v. Baylin, 696 F.2d 1030, 1035-36 (3d Cir. 1982) (cause and prejudice unnecessary); United States v. Corsentino, 685 F.2d 48, 50 (2d Cir. 1982) (same); with Williams v. United States, 805 F.2d 1301, 1306 (7th Cir. 1986) (cause and prejudice must be proven), cert. denied, 481 U.S. 1039 (1987). Because we conclude that Wilcox's claims are without merit, we affirm the district court without addressing this split in authority.
 
 
 3
 Wilcox contends the Government breached the plea bargain in four respects. First, he claims the charges against him were embellished with information he himself provided despite a grant of immunity from the use of such information. He is, however, mistaken as to the meaning of his plea agreement. The agreement provided that information he furnished would not be used in any further prosecutions; nowhere did the agreement grant him use immunity. See United States v. Reckmeyer, 786 F.2d 1216, 1224 (4th Cir.) (agreement construed as applying only to further prosecutions), cert. denied, 479 U.S. 850 (1986). Wilcox's plea bargain limited the charges against him to a two-count indictment of mail fraud and income tax evasion; these were precisely the charges to which he pled guilty. Thus, this contention fails.
 
 
 4
 Second, Wilcox contends that prosecutors promised him only six to twelve months imprisonment. His signed plea bargain, however, provides that:
 
 
 5
 There have been no promises or representations whatsoever made to Mr. Wilcox by the United States or any of its agents as to what the final disposition in this matter will be. It is understood that the matter of sentencing is within the sole discretion of the Court and the United States will make no recommendation as to a specific sentence.[1]
 
 
 6
 Wilcox further stated under oath at the plea colloquy that no predictions had been made to him regarding the sentence. Statements by an accused that facially demonstrate a plea agreement's validity are conclusive absent a compelling reason for reconsideration. Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981). After a review of the transcript of the plea hearing, we are satisfied that Wilcox voluntarily and intelligently entered into his plea bargain, and that he was fully cognizant of the contents of the agreement. Because Wilcox has not shown a compelling reason why the express terms of his plea agreement should be varied, we conclude that this claim is without merit.
 
 
 7
 Third, Wilcox contends that the Government promised him protection in the Witness Protection Program. Wilcox submitted an affidavit from the attorney who negotiated the plea bargain as well as a letter from his trial counsel written to the Government prior to sentencing, both of which indicate that the Government had suggested during negotiations that the Witness Protection Program might be available to Wilcox. This evidence does not, however, indicate that any promises were made. If anything the failure to refer to previous promises is solid evidence that there were none. Certainly Wilcox's evidence is not a compelling reason for ignoring the terms of the plea bargain. Thus, this contention also fails.
 
 
 8
 Fourth, Wilcox contends that information furnished by the Government to the probation office and used by the district court for sentencing was inaccurate, in violation of the plea agreement. Wilcox relies on language in the plea agreement that reserves the right of the prosecution to give all information relevant to sentencing to the probation office. Contrary to Wilcox's contention, this language does not create a general duty to give accurate information to the court. Thus, the information the Government gave to the district court, whatever its accuracy, did not result in a breach of the plea agreement.[2] We conclude that, properly interpreted, the plea bargain has not been breached by the Government. We turn next to Wilcox's claim of "vindictive prosecution," which we construe as a claim that his plea bargain was coerced.
 
 
 9
 The factual basis for the alleged coercion is the threat of indictment on more serious charges. Such claims are not a basis for challenging a guilty plea. The give and take of bargaining inherent in the negotiating process fully justifies the threat of indictment on more serious charges. It is the avoidance of such charges that fuels the plea bargain system and makes it work. Bordenkircher v. Hayes, 434 U.S. 357, 363-64 (1978). Wilcox cannot accept the benefits of a plea bargain and then attack those same benefits as constitutionally impermissible. This claim is without merit.
 
 
 10
 Finally, Wilcox, in his informal brief, challenges the jurisdiction of the district court to try him, on the basis that he was not a resident of the district in which he was tried. This is a challenge based on the venue of the court, one which cannot be raised for the first time on appeal. United States v. Santiesteban, 825 F.2d 779, 783 (4th Cir. 1987).
 
 
 11
 For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The plea agreement also stated that the maximum penalty to which Wilcox would be exposed was five years per count, but this merely states the maximum penalty then available and did not otherwise limit the district court's discretion at sentencing. See 18 U.S.C. § 1341 (1988); 26 U.S.C. § 7201 (1988). The sentencing guidelines were not yet in force at the time of Wilcox's sentencing
 
 
 [2]
 Of course, inaccurate information does raise other constitutional issues. See, e.g., Townsend v. Burke, 334 U.S. 736, 740-41 (1948) (due process forbids reliance on materially false or unreliable information in imposing sentence). However, the district court expressly recognized that there were disputes between Wilcox and the Government regarding the presentence report. In sentencing Wilcox, the court stated that it was relying substantially on Wilcox's own testimony. In this light, we conclude that Wilcox's allegations of prosecutorial misconduct provide no basis for challenging his sentence
 Wilcox also expresses some concern regarding the use of information in the presentence report for purposes of determining his parole eligibility. If his presentence report does contain inaccuracies that pose this problem, he should pursue administrative remedies; § 2255 is an inappropriate avenue for such relief. See United States v. Legrano, 659 F.2d 17, 18 (4th Cir. 1981).