24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Daniel P. DIAL, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1333.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 5, 1994.
Filed: April 15, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel Patrick Dial, a federal inmate, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 On Saturday morning, March 19, 1988, Tim Woodson opened the door to his van and a bomb exploded, injuring him and destroying the van. A grand jury charged Dial with one count of knowing and intentional possession of a destructive device and one count of damaging a vehicle used in interstate commerce. At trial, the government introduced, inter alia, evidence that it found Dial's fingerprint on some electrical tape used to assemble the bomb, and that the gunpowder found in the van matched gunpowder found in Dial's house. Dial attempted to establish an alibi, but a jury found him guilty of both counts. The district court sentenced Dial to two concurrent 57-month terms of imprisonment and three years supervised release. Dial appealed his convictions, and we affirmed. United States v. Dial, No. 90-2419 (8th Cir. Mar. 19, 1991) (unpublished per curiam).
 
 
 3
 Dial then filed this section 2255 motion claiming that he was denied effective assistance of counsel. Dial alleged that trial counsel failed to meet with and prepare all of the alibi witnesses prior to trial, and he failed to call Dial's wife, Loraine Dial, as a witness to support the alibi defense. Dial also asserted that counsel failed to challenge the authenticity of some of the government's evidence; that counsel failed to introduce expert testimony by Dr. Craver stating the gunpowder found on the sweater Woodson was wearing when the bomb exploded was different from the gunpowder found in Dial's house; and that trial counsel failed to meet with him prior to the trial. Finally, Dial contended that the government manufactured physical evidence to obtain the evidence needed to convict him.
 
 
 4
 The district court found that Dial failed to refute counsel's statement that he did not call Dial's wife as a witness because Dial opposed it; that counsel's decision not to call Dr. Craver was a matter of trial strategy; and that counsel was prepared for trial and demonstrated an exceptional knowledge of the facts surrounding the case. The district court denied Dial's motion as meritless.
 
 
 5
 We review de novo ineffective-assistance claims. McCann v. Armontrout, 973 F.2d 655, 659 (8th Cir. 1992), cert. denied, 113 S. Ct. 1342 (1993). "To establish ineffective assistance of counsel, [a petitioner] must show that counsel's representation fell below an objective standard of reasonableness and that the result of the ... proceeding was rendered unreliable or fundamentally unfair by counsel's deficient performance." West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). We now turn to Dial's claims.
 
 
 6
 First, it is apparent from the record that Dial's counsel did not suffer from a lack of preparation. See Kenley v. Armontrout, 937 F.2d 1298, 1304 (8th Cir.), cert. denied, 112 S. Ct. 431 (1991). In fact, counsel was very knowledgeable and put on a good, though not perfect, alibi defense. In addition, Dial failed to dispute counsel's attestations that one of the alibi witnesses changed his story at trial and that Dial had insisted counsel not call Loraine Dial as a witness.
 
 
 7
 Second, we conclude it was a reasonable strategy for counsel not to attack the legitimacy of the government's physical evidence. Third, we also conclude that competent counsel could have decided not to call Dr. Craver to testify regarding the gunpowders because her testimony would have, in some respects, simply buttressed the government's own case. In addition, while the evidence Dial presented in support of his section 2255 motion shows that the sweater gunpowder was chemically different from the gunpowder found in his house, he has not presented any evidence that the difference is significant or that the difference cannot be accounted for by changes which occurred because of the explosion. As a result, our confidence in the outcome of this case is not undermined by counsel's failure to call Dr. Craver to testify.
 
 
 8
 Fourth, counsel's knowledge of the evidence and questioning of Dial on the witness stand belies Dial's allegation that counsel did not meet with him prior to trial to prepare a defense. Dial also did not refute counsel's attestation that members of counsel's firm were available to talk with Dial any time he called, and he failed to show that he was prejudiced by counsel's alleged failure to meet with him.
 
 
 9
 Finally, Dial has failed to produce any evidence to support his claim that the government manufactured evidence or that his counsel knew of the falsification of evidence. Dial's claims of ineffective assistance therefore fail. We deny his motions for appointment of counsel.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri