57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Daniel P. DIAL, Appellant.
 No. 94-3632.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 6, 1995.
Filed: June 13, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel P. Dial appeals the district court's[1] order denying various motions he made related to his sentence.
 
 
 2
 Dial was convicted of possessing a destructive device and damaging a vehicle used in interstate commerce after planting a pipe bomb in Tim Woodson's van in 1988. He was sentenced to two concurrent 57-month terms of imprisonment and three years supervised release, and ordered to pay Woodson restitution of $1,500. Dial's convictions were affirmed on direct appeal, United States v. Dial, 938 F.2d 185 (8th Cir. 1991) (table), and the denial of his 28 U.S.C. Sec. 2255 motion was also affirmed. Dial v. United States, 24 F.3d 242 (8th Cir.) (table), cert. denied, 115 S. Ct. 340 (1994).
 
 
 3
 In motions Dial filed in the district court, he sought waiver of the ordered restitution, and credit against his supervised release for time he had spent supervised by pretrial services prior to his incarceration. With leave of court, Dial withdrew a motion in which he sought restoration of his firearms privileges. The district court denied all of Dial's motions for lack of jurisdiction and lack of merit.
 
 
 4
 Construing Dial's motion seeking credit against his period of supervised release as a 28 U.S.C. Sec. 2241 habeas motion challenging the execution of his sentence, see United States v. Leath, 711 F.2d 119, 120 (8th Cir. 1983) (district court has no jurisdiction to hear challenge to execution of sentence under 28 U.S.C. Sec. 2255), we conclude the district court correctly denied Dial's motion for lack of jurisdiction, because Dial was incarcerated in the Western District of Missouri. See United States v. Gleason, 753 F.2d 83, 85 (8th Cir. 1985) (per curiam) (challenge to execution of sentence must be brought under Sec. 2241 in district of confinement).
 
 
 5
 Dial's motion seeking a waiver of the ordered restitution can be construed as a 28 U.S.C. Sec. 2255 motion to correct his sentence. Although Dial argued that the government failed to provide documentation supporting the amount of restitution, and that Woodson owed him $1,500 from a pre-existing debt that should be set off against the restitution amount, he did not show how the district court abused its discretion in imposing the restitution. See United States v. French, 46 F.3d 710, 716 (8th Cir. 1995) (standard of review).
 
 
 6
 That portion of the district court's order which denied Dial's motion for limited firearms privileges is vacated because the district court had already granted Dial leave to withdraw this motion before the court ruled on it. In all other respects, the district court's judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri