74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Respondent-Appellee,
v.
Felipe BONILLA-CARREON, Petitioner-Appellant.
 No. 95-2136.
D.C. Nos. CIV-94-1423-JC.
 United States Court of Appeals, Tenth Circuit.
 Jan. 5, 1996.
 
 Before SEYMOUR, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 Petitioner-appellant Felipe Bonilla-Carreon appeals the district court's order denying his second motion under 28 U.S.C. 2255 to vacate, set aside, or modify his sentence. Mr. Bonilla-Carreon pleaded guilty to importing marijuana in violation of 21 U.S.C. 952(a), 960(a), and (b)(3). Classifying him as a career offender under 4B1.1 of the United States Sentencing Guidelines (USSG), the district court sentenced him to a term of incarceration of 188 months followed by six years supervised release. This court affirmed his conviction on appeal, see United States v. Bonilla-Carreon, No. 93-2179 (10th Cir. March 8, 1994), and Mr. Bonilla-Carreon then filed two 2255 motions in the district court.
 
 
 3
 In the first motion, Mr. Bonilla-Carreon challenged the application of the guidelines' career offender provisions and argued that he had received ineffective assistance of counsel. In the second motion, he argued that the district court should have applied USSG Amendment 506 retroactively to reduce his sentence. He also maintained that the court erred in refusing to allow him to conduct discovery regarding the ineffective assistance of counsel issue in the first 2255 proceeding.
 
 
 4
 On April 10, 1995, a United States Magistrate Judge filed proposed findings and a recommended disposition in the second 2255 action. The magistrate judge concluded that Mr. Bonilla-Carreon's motion should be denied. He reasoned that the record did not support retroactive application of Amendment 506 and that a second 2255 proceeding was not the appropriate vehicle to challenge the denial of the opportunity to conduct discovery in the first proceeding. The magistrate judge's findings and recommended disposition also stated: "A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed." Rec. doc. 6, at 3. Neither Mr. Bonilla-Carreon nor the government filed objections to the magistrate's findings. The district court followed the magistrate judge's recommendation, denying Mr. Bonilla-Carreon's second motion and dismissing the case with prejudice. Rec. doc. 7.
 
 
 5
 On appeal, Mr. Bonilla-Carreon argues that several circumstances excuse his failure to object to the magistrate judge's findings and recommendations. He notes that the district court did not appoint counsel for him, that his "jailhouse lawyer" was "out on a writ" when he received the magistrate judge's findings, and that he "was at a total loss as how to proceed in reply to the Magistrate's findings" because he "could not even read the contents as he does not read English well." See Appellant's Reply Brief at 4-5. The government responds that by failing to object to the magistrate judge's findings and recommendations Mr. Bonilla-Carreon has waived the right to appeal the dismissal of his claims. See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991).
 
 
 6
 Mr. Moore's contentions regarding his difficulties with the English language give us pause. The rule that the failure to object to a magistrate judge's findings waives appellate review is based on the assumption that the consequences of that failure are clearly communicated to the parties. See id. That assumption may not be warranted when a prisoner proceeding pro se cannot read the magistrate judge's opinion. See id. (noting that "[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate") (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). Accordingly, we will consider the merits of Mr. Bonilla-Carreon's appeal.
 
 
 7
 Upon review of the record and the applicable law, we find no error in the denial of the section 2255 motion at issue here. In particular, as to Amendment 506, it is true that the sentencing court may apply it retroactively pursuant to 18 U.S.C 3553(a) and 3582(c)(2). See USSG 1B1.10. Amendment 506 "defines the term offense statutory maximum' in 4B1.1 to mean the statutory maximum prior to any enhancement based on prior criminal record," USSG Appendix C, Amendment 506 (effective November 1, 1994), and thus reduces the maximum sentences that may be imposed on certain career offenders. However, in determining whether to apply Amendment 506 retroactively, the sentencing court may consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and a number of other factors. See USSG 1B1.10; 18 U.S.C 3553(a), 3582(c)(2). In this case, in refusing to apply Amendment 506 retroactively, the magistrate judge properly relied on Mr. Bonilla-Carreon's six prior drug convictions, his violation of the conditions of probation, and his significant role in the offense.
 
 
 8
 As to the denial of discovery, we agree with the district court that a subsequent 2255 proceeding is not the proper vehicle in which to challenge discovery matters pertaining to a previous case. See United States v. Gleason, 753 F.2d 83, 85 (8th Cir.1985) (noting that a discovery motion could not be considered as a 2255 motion because it did not challenge the defendant's sentence).
 
 
 9
 Accordingly, the decision of the district court denying Mr. Bonilla-Carreon's motion to modify, vacate, or set aside his sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)