**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James R. LeBLANC,**
**Defendant-Appellant.**

No. 84–1018.

United States Court of Appeals,
Sixth Circuit.

Argued March 26, 1985.
Decided May 22, 1985.

Miriam L. Siefer, Federal Defender Office, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Michael R. Mueller, argued, Detroit, Mich., for plaintiff-appellee.

Before ENGEL and JONES, Circuit Judges, and HULL, District Judge.*

HULL, District Judge.

The substantive issue in this appeal is whether a criminal defendant has a right to an evidentiary hearing regarding alleged inaccuracies in his presentence report when the district court does not rely on the disputed information in imposing its sentence. We hold that Rule 32(c)(3)(A) and (D) of the Federal Rules of Criminal Procedure does not require such a hearing. This case also raises a disturbing issue concerning a presentence report that is markedly inconsistent with a recommended offense severity rating obtained pursuant to a Rule 11 plea agreement.

In May of 1972, a 19-count indictment was returned in the United States District Court for the Eastern District of Michigan

charging defendant James R. LeBlanc, and 21 other individuals, with participation in a large-scale drug trafficking enterprise in the Detroit, Michigan area. LeBlanc, an attorney, was named in 16 counts and alleged to have participated in and helped finance the distribution of drugs. LeBlanc appeared for arraignment but failed to appear for trial. Approximately ten years later, LeBlanc surrendered himself to federal authorities in Hawaii and was transferred back to the Eastern District of Michigan for trial before United States District Judge John Feikens. A superceding indictment was returned charging him with failure to appear for trial in violation of 18 U.S.C. § 3150.

LeBlanc entered into a Rule 11 plea agreement with the government, and, on October 6, 1983, plead guilty to the superceding indictment and to Count 12 of the drug trafficking indictment. Count 12 charged him with possession with intent to manufacture and distribute 25 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting this possession in violation of 18 U.S.C. § 2. Under the terms of the agreement, the maximum term of imprisonment on each charge was not to exceed 5 years; the terms of incarceration were to run consecutively; and the other counts of the original indictment were to be dismissed. The government also agreed to inform the Parole Commission that LeBlanc did not play a "managerial role" in the drug conspiracy.

Judge Feikens accepted the Rule 11 agreement and a presentence investigation report was prepared prior to sentencing. The government's version of the facts in this report encompassed the other 15 counts of the drug trafficking indictment and characterized LeBlanc as an "initiator" and "financier." It also placed him among those occupying the highest level of culpability in the drug enterprise. Incongruously, the salient factor score sheet assessed his offense severity as a "category five"

---

* Hon. Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

and indicated the reason for this assessment as, "large scale amount of cocaine (between 100 grams and one kilogram of 100% pure cocaine) and *no managerial role per government*". (emphasis added).

LeBlanc filed a motion to correct the presentence report alleging that it contained certain factual inaccuracies. He contended that the government's version of the facts mentioned several individuals he did not even know and that it incorrectly implied his involvement with drugs other than cocaine. The challenged report also mentioned four to four and one-half kilograms of cocaine when it should have read four to four and one-half pounds. Finally, he argued that, because it placed him among those in the highest level of culpability, the report was in error in light of the plea bargain agreement.

In a hearing on this motion, the government contended that all of the facts in the presentence report were correct; that LeBlanc's confession had mentioned four "kilos" not pounds of cocaine; and that as a member of a conspiracy, LeBlanc could be held responsible for the acts of co-conspirators even when he did not know their identity or the full scope of their drug operation. The government also argued that, since the Parole Commission would be entitled to examine the original indictment, it was entitled to a complete statement of the government's version of the facts despite the plea agreement.

LeBlanc requested an evidentiary hearing on the accuracy of the presentence report. After considering the argument from each side, and determining that the challenged information was not pertinent to the count in which the defendant had plead guilty, Judge Feikens denied him such a hearing. However, he assured LeBlanc that he would not take any of the challenged information into consideration in imposing sentence and offered LeBlanc an opportunity to withdraw his plea and stand trial on the original indictment. He also recommended that LeBlanc raise the inaccuracies with the Parole Commission if

it appeared that the Commission considered charges other than the one to which he had plead guilty.

LeBlanc declined the opportunity to change his plea and was sentenced to five years imprisonment for count 12 of the drug indictment, with three years special parole term, and five years imprisonment on the charge of failure to appear for trial. The sentences were ordered to run consecutively.

In this appeal, LeBlanc contends first that the district court committed reversible error in denying him an evidentiary hearing and an opportunity to correct the alleged misinformation in the presentence report. His second charge is that the government violated the Rule 11 agreement by including in the presentence report a version of the facts that was inconsistent with the promise to inform the Parole Commission that he had had no managerial role in the drug trafficking offense. These issues will be considered separately.

### I.

LeBlanc argues that because the presentence report is the principal source of information used to determine parole eligibility, the sentencing court is obligated to determine the accuracy of the disputed material regardless of whether or not it intends to rely on the information in imposing sentence. LeBlanc suggests that the sentencing judge is in a better position than the Parole Commission to assess the merits of a defendant's challenge because, at the sentencing stage, the defendant is still represented by counsel and is able to confront both the probation officer who prepared the report and the government attorney who supplied the prosecution's version of the facts. In addition, he argues that if the Parole Commission does act on the basis of inaccurate information in the presentence report, that administrative decision will be insulated from judicial review. *See Farkas v. United States*, 744 F.2d 37 (6th Cir. 1984).[1]

---

**1.** There appears to be no dispute that LeBlanc    did raise his objections to the presentence re-

The government responds that it would be unduly burdensome to require district courts to hold mini-trials on the accuracy of disputed information in the presentence report, particularly if it involves counts of the indictment that are to be dismissed. It relies on *United States v. Legrano,* 659 F.2d 17 (4th Cir.1981), for the proposition that the appropriate place for a defendant to challenge the contents of his presentence report is before the Parole Commission through administrative avenues as outlined in 28 C.F.R. § 2.19(c). This case also holds that a district court need not strike disputed information from a presentence report if it is not considering this information in imposing its sentence. The government also suggests that, because the Parole Commission is entitled to consider counts in the underlying indictment that were dismissed pursuant to a plea bargain, *see United States ex rel. Goldberg v. Warden, Allenwood Federal Prison Camp,* 622 F.2d 60 (3rd Cir.1980), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980), it is also entitled to complete prosecution (and defense) versions of the facts in the presentence report.

■ While we would agree with the government that the district court is not obligated to hold mini-trials on counts of an indictment that are to be dismissed, and that it need not strike disputed information on which it does not intend to rely, we would agree with the defendant that the district court has an important obligation to scrutinize the presentence report for prejudicial inaccuracies. Rule 32(c)(3)(A), of the Federal Rules of Criminal Procedure provides that:

> The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

Rule 32(c)(3)(D) continues:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

■ In the instant case, Judge Feikens heard both parties on the motion to correct the presentence report. He was already familiar with the factual background of the case becuase he had once ruled on the admissibility of a very damaging confession made by LeBlanc and he had conducted the trial of LeBlanc's co-conspirators in the drug trafficking offense. He was in a good position to evaluate the merits of LeBlanc's contentions. While he did not make a finding as to the accuracy of each allegation, he did make a determination that no such finding was necessary because the matter controverted would not be taken into consideration in imposing sentence. We find no abuse of discretion under these facts and accordingly, Judge Feiken's decision to deny the defendant an evidentiary hearing on his presentence report is AF-FIRMED.

## II.

■ A disturbing aspect of this case is the obvious fact that the information in the presentence report, even if entirely accurate, is patently inconsistent with the government's promise to inform the Parole Commission that LeBlanc did not play a managerial role in the drug trafficking conspiracy. In response to LeBlanc's contention that it violated the Rule 11 agreement, the government maintains that by recom-

port before the Parole Commission and that, nonetheless, the Commission credited much of the challenged information in reaching its decision. The Commission found LeBlanc to have played a managerial role in the drug conspiracy and raised his offense severity rating from category five to category seven. This increase requires LeBlanc to serve approximately 2½ years longer than he would have if he had received the benefit of the category five rating he bargained for.

**506**

mending an offense severity rating of category five, it fully complied with its obligation under the Rule 11 agreement. It suggests that LeBlanc could not reasonably have expected that the plea agreement "could have achieved the eradication from the Parole Commission's consideration of any and all information to the effect that he played a managerial role." The record is clear that LeBlanc did not expect this and that he was aware that the Parole Commission would have access to the underlying indictment. However, it does not seem at all unreasonable for him to have expected the government to prepare a version of the facts which would minimize his managerial role. In fact, anything less would make the plea bargain meaningless on this point.

In the instant case, the prosecution's recommended offense severity rating was so clearly inconsistent with its version of the facts that it invited the Parole Commission to disregard it. This is apparently, exactly what they did since they raised LeBlanc's offense severity rating to category seven.

While the government argues that it has an ethical obligation to be candid with the sentencing court and provide all factors relevant to sentencing in the presentence report, this Court would suggest that the government has an equal responsibility to avoid plea bargain agreements which it cannot keep. In the future, it should avoid any Rule 11 agreement to recommend an offense severity rating which is inconsistent with the facts it believes to be true.

In the instant case, we find little indication that the presentence report is factually inaccurate, and no evidence that the district court abused its discretion in deciding not to conduct an evidentiary hearing on the defendant's challenge to its veracity. Moreover, it is evident from the record that LeBlanc, an attorney himself and accompanied by counsel, was aware that he was not going to receive the full benefit of his bargain. He was given the opportunity to withdraw his plea but declined to do so. Accordingly, any relief on his claimed viola-

tion of the Rule 11 agreement is hereby DENIED.