875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald F. BLACKWOOD, Defendant-Appellant.
 No. 88-6072.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH,* District Judge.
 PER CURIAM.
 
 
 1
 Ronald Franklin Blackwood appeals his conviction and sentence pursuant to a guilty plea to charges of mail and wire fraud. We affirm his conviction.
 
 
 2
 In July 1987, Blackwood was indicted by a grand jury on charges of mail and wire fraud in violation of 18 U.S.C. Secs. 1341 and 1343. On April 11, 1988, pursuant to a plea agreement with the government, Blackwood entered a guilty plea to specific counts in two of the three indictments. The government agreed to dismiss the remaining counts in two of the indictments and to dismiss the third indictment entirely. The court, in determining restitution, retained its discretion to consider all counts in one of the indictments to which Blackwood pled. The government and Blackwood's defense counsel also agreed to a three year cap on any period of incarceration. The district court judge explained the details of this plea arrangement to Blackwood.
 
 
 3
 The district court declined to either accept or reject the plea agreement until a pre-sentence report could be prepared and also deferred the basis in fact until disposition of the case. The court, however, advised Blackwood that he would be allowed to withdraw his plea, if the court decided not to accept the agreement.
 
 
 4
 One day prior to Blackwood's sentencing, the government filed a sentencing memorandum. In the memorandum, the government requested that Blackwood be sentenced to a three year term of imprisonment and to a period of probation following incarceration.
 
 
 5
 At the sentencing hearing on July 1, 1988, Blackwood took exception to the $191,000.00 amount stated as the victims' loss and the amount stated as his own earnings. Counsel for Blackwood placed the victims' loss at $95,000.00. The district judge sentenced Blackwood to three years incarceration to be followed by five years probation, with the special condition that Blackwood pay restitution in the amount of $95,000.00. In ordering restitution, the district judge noted the factual dispute about the amount of restitution and the present inability of Blackwood to make restitution. Immediately following Blackwood's sentencing, the district judge asked if there were any questions about the sentence or about disposition. Counsel for Blackwood took exception to the imposition of restitution, but apparently did not assert that Blackwood had been sentenced in violation of the plea agreement.
 
 
 6
 Following the entry of judgment, Blackwood filed a Motion to Correct Sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, claiming that the five year probation period violated the plea agreement. Blackwood requested the court to either eliminate the probation or to reduce it to three years. At the same time, Blackwood filed a Motion for Findings of Fact, pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, to make a finding of fact as to the victims' loss. The district court denied both orders on August 26, 1988. In denying the Motion to Correct Sentence, the district judge stated that the plea agreement addressed itself only to the period of incarceration and that all other aspects of Blackwood's sentence, such as restitution or probation, were left to the discretion of the court. In denying the Motion for Findings of Fact, the district judge found that $95,000.00 was an appropriate amount of restitution in this case, considering Blackwood's financial situation. The court moreover stated that it was not required to make a special finding as to the actual amount of the victims' loss because the court adopted Blackwood's position regarding restitution. The district court expressly noted that it did not take into account the government's position as to the amount of loss in setting restitution; therefore, the court found that it was not required under Rule 32(c)(3)(D) to determine the actual amount of loss to the victims. Blackwood filed a timely appeal on September 2, 1988.
 
 
 7
 On appeal, Blackwood makes two major arguments. First, he contends that the district court erred in imposing sentence contrary to the plea agreement. According to Blackwood, the district court, by accepting the plea agreement, had an affirmative duty to impose sentence in conformity with the agreement. Paradiso v. United States, 689 F.2d 28 (2d Cir.1982); United States v. Burruezo, 704 F.2d 33 (2d Cir.1983). See also Santobello v. New York, 404 U.S. 257 (1971). Under the terms of the plea agreement, restitution was the only matter left to the court's discretion, so the court did not have discretion to impose probation so that the total sentence exceeded the three year cap. We disagree with Blackwood's argument. A review of the record shows that the three year cap in the plea agreement applied only to incarceration, and the plea agreement placed no constraints on the district judge in imposing probation. The district judge explained the plea agreement to Blackwood, specifically mentioning that the "term of imprisonment" imposed would not exceed three years. Moreover, neither Blackwood nor his counsel objected, at the time of sentencing, to the sentence of three years incarceration followed by five years probation. After imposing sentence, the district judge inquired whether Blackwood or his counsel had any questions about the sentence, but neither objected to the sentence as violative of the plea agreement. Such silence by Blackwood and his counsel following the imposition of sentence shows that they believed that the probation sentence did not violate the plea agreement. Thus, Blackwood received what was "reasonably due" in the circumstances of this case. Santobello, 404 U.S. at 262.
 
 
 8
 In addition, Blackwood argues that the district court erred in imposing restitution contrary to the procedure set forth in 18 U.S.C. Sec. 3664 and in failing to make the findings required by Sec. 3664 and by Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. Blackwood specifically advised the district court that he disagreed with the amount of the victims' loss and the amount of his own earnings as stated in the pre-sentence report. Despite this dispute regarding the amount of the victims' loss and Blackwood's earnings, the district court failed to resolve the disagreements concerning loss and earnings and failed to state whether such issues would or would not be considered in imposing sentence or in determining restitution. Blackwood alleges that these failures by the district court violated the requirements of Rule 32(c)(3)(D). United States v. Stevens, 851 F.2d 140 (6th Cir.1988). Blackwood further asserts that this court, under Sec. 3664, has required the record to contain some indication that the sentencing court at least considered the defendant's financial condition in ordering restitution. United States v. Purther, 823 F.2d 965 (6th Cir.1987); United States v. Durham, 755 F.2d 511 (6th Cir.1985). In this case, Blackwood asserts that his financial condition and the likelihood of his inability to pay $95,000.00 in restitution was not properly considered by the district court.
 
 
 9
 Contrary to Blackwood's assertions, we believe that the district court substantially complied with the requirements of both Sec. 3664(a) and Rule 32(c)(3)(D). In setting restitution at the sentencing hearing, the district judge expressly considered, as required by Sec. 3664(a), Blackwood's present financial condition and his future earning capacity. This circuit has held, as Blackwood points out, that the record must contain some indication that the sentencing court considered the defendant's financial condition in ordering restitution; there is, however, no requirement that the trial court make specific factual findings as to the defendant's financial resources. Purther, 823 F.2d at 969. The record of the sentencing hearing in this case shows that the district judge considered Blackwood's financial condition and therefore fulfilled the requirements of Sec. 3664(a). The district court also substantially complied with Rule 32(c)(3)(D) in ordering restitution. Blackwood disputed the amount of victims' loss stated in the pre-sentence report. At the sentencing hearing, the court questioned Blackwood's counsel about the amount of loss, and he estimated that the victims lost approximately fifty percent of the amount stated in the pre-sentence report, or $95,000.00. At sentencing, the district judge noted the "factual dispute" about the amount of loss, and, as required by Rule 32(c)(3)(D), the court stated that it adopted Blackwood's estimation of the amount of loss for the purposes of determining restitution. Moreover, in its order denying Blackwood's Motion for Findings of Fact, the district court expressly stated that it did not take into account the government's position as to the amount of loss in setting restitution or in imposing a period of incarceration. These oral and written statements by the district court were sufficient to comply with the requirements of Rule 32(c)(3)(D). United States v. Betancourt, 838 F.2d 168 (6th Cir.1988); United States v. LeBlanc, 762 F.2d 502 (6th Cir.1985).
 
 
 10
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation