67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Ray GRAHAM, Defendant-Appellant.
 No. 94-4312.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 1
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his motion filed pursuant to Fed.R.Crim.P. 32(c)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his Rule 32 motion, Johnny Ray Graham sought an evidentiary hearing to determine whether a Probation Officer and an Assistant U.S. Attorney in the underlying criminal case knowingly presented false evidence to the district court at sentencing. Graham claimed that he was adversely affected by a false allegation in his presentence investigation report that he physically threatened one or more participants in his trial. The district court denied Graham's Rule 32 motion and Graham appealed.
 
 
 4
 This court reviews a judgment denying a Rule 32 motion for abuse of discretion. United States v. LeBlanc, 762 F.2d 502, 505 (6th Cir.), cert. denied, 474 U.S. 854 (1985).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion. The law of the case doctrine applies to bar Graham from pursuing this appeal. Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that litigation. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994) (citing United States v. Bell, 988 F.2d 247, 250 (1st Cir.1993)). The law of the case doctrine dictates that issues, once decided, should be reopened only in very limited circumstances. See Petition of United States Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 859 (1973). Generally, a court may disregard a previous decision only when it is left with a clear conviction of error. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied, 502 U.S. 821 (1991). No such error exists in this case, and this court has already held that the district court did not violate Fed.R.Crim.P. 32 because it did not rely on the allegedly false information in imposing sentence. United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 489 U.S. 1022 (1989). Thus, the issue in the present appeal has been decided and that decision represents the law of the case. See Moored, 38 F.3d at 1421.
 
 
 6
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated November 30, 1994.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation