**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0173n.06

No. 09-6223

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 23, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)    ON APPEAL FROM THE
)    UNITED STATES DISTRICT
    v. )    COURT FOR THE MIDDLE
)    DISTRICT OF TENNESSEE
RONALD W. BARTLETT, )
)
    Defendant-Appellant. )
)

BEFORE:  COLE, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Ronald Bartlett appeals his 151-month sentence for bank robbery, challenging the district court's resolution of several matters relating to allegations in the presentence report that Bartlett sexually abused his daughter.  Bartlett claims that the court refused to (1) rule on the disputed allegations, (2) strike these allegations from the PSR, and (3) append its findings to the report.  The district court properly decided not to rule on the matter, and was not required to strike the allegations.  On issuance of the mandate, however, the district court should ensure—pursuant to Criminal Rule 32—that its determination that it was unable to resolve the allegations is either included in, or attached to, the PSR.

Bartlett pled guilty to one count of bank robbery in June 2009.  The probation office prepared a presentence report, to which Bartlett filed two objections.  He first objected to his criminal history calculation, an objection he later withdrew at the sentencing hearing.  Bartlett also objected to the

fact that the report stated that his ex-wife accused him of sexually abusing their daughter. He claimed never to have abused their daughter, and asked the court to excise the allegation under Criminal Rule 32(d)(3)(C), which requires district courts to remove information from a presentence report that "might result in physical or other harm to the defendant."

The district court held a sentencing hearing in September 2009. To resolve the second objection, the court heard testimony from Bartlett, Bartlett's fiancée, and Bartlett's probation officer. The court also reviewed documents from the Rape and Sexual Abuse Center in Nashville, Tennessee, where Bartlett's daughter received counseling for sexual abuse. After reviewing all the evidence, the court concluded that it was "unable to resolve whether the . . . allegations are true or false." R. 52 at 34. As a compromise, the court "order[ed] that the presentence report be revised to indicate that Mr. Bartlett denies that he sexually abused his daughter and the Court is unable to resolve whether the reported allegations are true or false." *Id.* The court then sentenced Bartlett to 151 months in prison, at the bottom of his guidelines range.

The PSR that we have been supplied on appeal, however, states only that the "defendant denies that he sexually abused his daughter." It does not state that the district court was unable resolve whether the allegations are true or false, and Bartlett contends that the court's ruling has not been attached to the PSR.

Bartlett raises three challenges to his sentence under Criminal Rule 32. Bartlett's first purported error is that the district court failed to resolve whether he had sexually abused his daughter. The court, however, stated that it would not consider the disputed allegations in reaching

a sentence, obviating the need for a factual finding under Criminal Rule 32. Rule 32 requires a district court to "rule on the dispute *or* determine that a ruling is unnecessary" "for any disputed portion of the presentence report." Fed. R. Crim. P. 32(i)(3)(B) (emphasis added). The district court opted for the latter course—a determination that a ruling one way or another was unnecessary because the court was "not going to take it into account in terms of sentencing." R. 52 at 35. This is precisely what Rule 32 allows district courts to do: "determine that a ruling is unnecessary . . . because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

Bartlett next challenges the district court's decision not to strike from the PSR the fact that his ex-wife alleged that he had sexually abused their daughter. In response to Bartlett's request to excise these particulars from the report, the district court modified the report to indicate that Bartlett disputed the relevant allegations. This course of action was within the court's discretion because Bartlett has provided nothing beyond his own statement that he will be adversely affected by the PSR as it now stands. Criminal Rule 32 provides:

> The presentence report must exclude . . . any other information that, if disclosed, might result in physical or other harm to the defendant or others.

Fed. R. Crim. P. 32(d)(3)(C). Bartlett maintains that the court should have removed the allegations that he sexually abused his daughter, because those allegations could "result in harm to him" from "prison employees or other inmates." Appellant Br. at 12.

Criminal Rule 32(d)(3)(C) does not require the automatic exclusion of any unproved allegations of sexual abuse. The claim that any allegation of sexual abuse will result in harm to the accused, without more, is too speculative to fall within the Rule's directive to exclude information

that "might cause physical or other harm to the defendant." The exclusion appears to apply to proven as well as unproven allegations, so that if all allegations of sexual misconduct must be excluded, a PSR sent to the Bureau of Prisons could never include the underlying facts or conduct of sexually based offenses. This would be an anomalous result. In any event, as it stands, the PSR in this case does not say that the allegations are true. Thus, to the extent that allegations of sexual abuse pose any danger to Bartlett (a speculation he does not even attempt to support), that danger is obviously diminished by the report's indication that the allegations are just that—allegations that are unproven and disputed. The district court therefore did not abuse its discretion, or make a clearly erroneous determination of fact, in declining to find the possibility of "physical or other harm to the defendant."

Rule 32(d)(3)(C)'s directive also must be read in light of other provisions which require the PSR to include "circumstances affecting the defendant's behavior," Fed. R. Crim. P. 32(d)(2)(A)(iii), and "any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a)," Fed. R. Crim. P. 32(d)(2)(F). Whether or not they are true, the allegations of sexual abuse are part of Bartlett's "history and characteristics." *See* 18 U.S.C. § 3553(a)(1). As the district court noted, these allegations are part of "the personal and family data that needs to be provided in the presentence report." R. 52 at 35. Indeed, although it might be going too far to say that Rule 32(d)(2)(F) requires that allegations of sexual abuse be included in a defendant's PSR, the Rule certainly suggests that such allegations may be included.

We have reviewed compliance with many aspects of Rule 32 for abuse of discretion. See, e.g., *United States v. LeBlanc*, 762 F.2d 502, 505 (6th Cir. 1985); *see also United States v. Graham*, 67 F.3d 300, No.94-4312, 1995 WL 570905 (6th Cir. Sept. 27, 1995). This is because district courts are better positioned to assess many of the relevant determinations under Criminal Rule 32. *Cf. United States v. Smith*, 101 F.3d 202, 217 (1st Cir. 1996). And this is particularly true where, as in this case, the determination is about the potential harm to a defendant. Such a determination will necessarily turn on a sensitive assessment of the defendant's history and mental state. Here, the district court's relative familiarity with sentencing and other fact-bound, context-specific circumstances puts the sentencing judge in a position of comparative advantage over an appellate court dealing with a limited record.

Bartlett's reliance on *United States v. Capanelli*, No. 01 CR. 1121(CSH), 2003 WL 23018794, at *1 (S.D.N.Y Dec. 23, 2003), is therefore misplaced. In *Capanelli*, the district court made a particularized finding (in response to the defendant's motion) that unsupported allegations of the defendant's association with an organized crime family might result in harm to the defendant. The sentencing judge determined that these allegations should be excised from the presentence report. *Id.* at *2. Such a finding was certainly within the sentencing judge's discretion. But the question here is not whether the district court had latitude to strike these allegations, but rather whether it was reversible error *not* to strike them.

This is not a case where the sentencing judge flatly rejected the defendant's objection. The district court took a step toward minimizing any potential harm to Bartlett by ordering that the PSR

be amended to indicate (1) that the allegations are disputed, and (2) that the court was unable to resolve the dispute. The modified report says that Bartlett's ex-wife alleged that he sexually abused their daughter and that Bartlett denies these allegations. The report does not conclude that Bartlett abused his daughter, and no information to that effect is included in the report. Under these circumstances, the district court did not abuse its discretion in declining to exclude information from the report that might harm a defendant.

Finally, Bartlett challenges the district court's purported failure to append its findings and decision to any PSR forwarded to the Bureau of Prisons. Under Criminal Rule 32, a sentencing court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C). The PSR was amended to reflect that the "defendant denies that he sexually abused his daughter." Bartlett argues, however, that the amended PSR does not also reflect that the district court was unable to resolve whether the allegations of sexual abuse are true or false.

A district court may comply with Criminal Rule 32(i)(3)(C) by attaching a copy of the sentencing transcript to the PSR. *Smith*, 101 F.3d at 217. In *Smith*, the defendant asked the district court to strike from the PSR references to certain state convictions that had been vacated prior to the hearing, as a result of which the defendant no longer qualified as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). During the sentencing hearing, the district court stated on the record that the challenged convictions had been set aside, and ordered the transcript containing its remarks to be attached to the PSR as an indication that these convictions were no longer valid. *Smith*, 101 F.3d

at 217.  The First Circuit deemed attachment of the transcript to be an adequate corrective, and

refused to direct the probation officer to revise the PSR itself.  *Id.*

Nothing in *Smith*, however, suggests that attaching a copy of the sentencing transcript to the

PSR is the only way to comply with Rule 32(i)(3)(C).  The Rule does not require more than what the

district court did here: "order that the presentence report be revised to indicate that . . . the Court is

unable to resolve whether the reported allegations are true or false."  R.52 at 34.  That decree would

have brought the court into compliance with Rule 32's mandate if it had been fully carried out.

Bartlett mischaracterizes the district court's order, claiming that "the District Court merely ordered

the Probation Officer to amend the PSR to reflect that Bartlett denies the allegations that he sexually

abused his daughter."  Appellant Br. at 15.  But the district court did more than that.  It also ordered

that the PSR be amended to indicate that the Court did not resolve the factual dispute one way or

another.

In short, there would be no violation of Criminal Rule 32(i)(3)(C) if a copy of the sentencing

transcript had been attached to the PSR, or if the report had been amended to reflect that the district

court was unable to resolve whether the allegations are true or false.  Given the district court's order

that the PSR be amended to reflect (1) that the allegations of sexual abuse are disputed, and (2) that

it was unable to resolve the dispute, the court's application of Rule 32(i)(3)(C) does not require

reversal.  But the district court may not be aware that its order to amend the PSR was not fully

carried out.  The report was not actually amended in this second way, and we do not know from the

record whether the sentencing transcript was attached to the PSR made available to the Bureau of

Prisons.   On the issuance of the mandate, therefore, the district court should ensure that, in compliance with Rule 32(i)(3), the PSR reflects the court's determination, or the PSR has attached to it a copy of the court's determination, that the court is not able to resolve whether the reported allegations are true.

Affirmed.