**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0978n.06

No. 12-6157

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Nov 14, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| FENG LIU, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Defendant-Appellant. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; BELL, District Judge.[*]

PER CURIAM. Feng Liu appeals his sentence for structuring transactions to evade reporting requirements. As set forth below, we affirm.

A federal grand jury returned a multi-defendant, multi-count superseding indictment in which Liu was charged with conspiracy to possess with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846. (W.D. Tenn. 2:08-cr-20389). Liu subsequently pleaded guilty to an information charging him with structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a) and 31 C.F.R. §§ 103.11 and 103.22 (W.D. Tenn. 2:12-cr-20121), and the government dismissed the prior indictment against him. At sentencing, the district court accepted the guidelines range recommended by the parties, eight to fourteen months

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

of imprisonment, and sentenced Liu to three years of probation, including eight months of home detention with electronic monitoring. On appeal, Liu contends that the district court erred in denying him a reduction for acceptance of responsibility and in failing to remove any mention of the prior marijuana conspiracy indictment from his presentence report.

By failing to provide any developed argumentation in support of his claim that the district court erred in denying him a reduction for acceptance of responsibility, Liu has waived this issue. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006). Regardless, the district court did not clearly err in denying a reduction for acceptance of responsibility. *See United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011) (reviewing denial of reduction for acceptance of responsibility for clear error). USSG § 3E1.1(a) provides for a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." In determining whether a defendant has accepted responsibility, the district court may consider whether the defendant truthfully admits or does not falsely deny "any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." USSG § 3E1.1, comment. (n.1(A)). Although "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction . . . , a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.*

At the direction of his landlord, Liu made two deposits totaling approximately $11,000 into the same bank account at different bank branches on the same day. Liu claimed that he did not know that the funds that he deposited were the proceeds of unlawful activity. Considering the context, the

district court found that it was "pretty obvious" that these funds were drug proceeds. We can discern no clear error in the denial of a reduction for acceptance of responsibility where the district court found that Liu had attempted to minimize this relevant conduct. *See United States v. Lay*, 583 F.3d 436, 448-49 (6th Cir. 2009); *United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995).

The district court did not abuse its discretion in declining to remove information related to the prior marijuana conspiracy indictment from Liu's presentence report. *See United States v. Bartlett*, 416 F. App'x 508, 511 (6th Cir. 2011) ("We have reviewed compliance with many aspects of Rule 32 for abuse of discretion."); *United States v. LeBlanc*, 762 F.2d 502, 505 (6th Cir. 1985). Federal Rule of Criminal Procedure 32(d)(3) requires three exclusions from a defendant's presentence report, none of which apply to the prior indictment. Under Rule 32(d)(2)(A)(i), the presentence report must contain "the defendant's history and characteristics, including . . . any prior criminal record." The prior indictment falls within that category of information.

Accordingly, we affirm Liu's sentence.