NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0290n.06

Case No. 22-1396

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 21, 2023 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOSEPH TYSHAWN DARREN FAVORITE, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | O P I N I O N |

Before: COLE, READLER, and DAVIS, Circuit Judges.

COLE, Circuit Judge. Joseph Favorite pleaded guilty to knowingly possessing a stolen firearm and ammunition while having been convicted of a felony. At sentencing, Favorite objected to the probation officer's recommendation that the court apply a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). The district court denied the objection as untimely. Favorite appealed, arguing that the district court abused its discretion in denying the objection and his counsel provided ineffective assistance by failing to raise the objection sooner. We affirm the district court's sentencing decision and decline to consider the merits of Favorite's ineffective assistance of counsel claim.

## I. BACKGROUND

On June 27, 2021, Demetria Carter called 911 to report an attack. According to Carter, she and her cousin encountered Joseph Favorite outside of a residence in Benton Harbor, Michigan. Favorite allegedly taunted Carter about a murdered family member and a confrontation ensued.

The altercation culminated in Favorite allegedly hitting Carter on the top of her head with a loaded firearm, which discharged into the air. Carter's cousin and other bystanders intervened, enabling Carter to distance herself from Favorite enough to call 911.

Local police officers arrived on the scene. Carter informed them of the altercation and described the weapon Favorite used to hit her as a black handgun with a drum magazine. The officers discovered that Favorite had previously been convicted of several state felony offenses and was purportedly non-compliant with his parole terms. A parole-violation warrant issued, and both state and federal law enforcement agencies began investigating Favorite's whereabouts.

In July 2021, state and federal law enforcement officers apprehended Favorite and executed a parole search of Favorite's bedroom at his sister's house. There, they discovered a gun matching Carter's description: a Glock Model G48, 9mm pistol with a 50-round capacity drum magazine attached. A consent search of Favorite's vehicle turned up an empty 9mm magazine that fit the firearm found in Favorite's bedroom. Further investigation revealed that the weapon had been reported stolen from a business in Grand Rapids, Michigan in July 2019.

Favorite was charged in state court in connection with the alleged attack on Carter but those charges were dismissed on August 17, 2021. The following day, a federal grand jury indicted Favorite on one count of knowingly possessing a stolen firearm and ammunition while having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Favorite pleaded guilty to the charge without entering a plea agreement.

Prior to sentencing, the probation officer assigned to Favorite's case drafted a presentence investigation report (PSR). Both Favorite and the government lodged timely written objections to the report. Relevant here, Favorite objected—without explanation—to the PSR's recommendation in paragraph 37 that a four-level enhancement be applied to his guidelines calculation under

U.S.S.G. § 2K2.1(b)(6)(B) based on his alleged use of a firearm in connection with another felony offense. Noting that the basis for the objection was "unclear," the final version of the PSR explained that § 2K2.1(b)(6)(B) applied based on the battery of Carter with the Glock Model G48, which "Favorite [did] not appear to dispute." (PSR, R. 39, PageID 128.)

Favorite's counsel reiterated the unsupported objection in her sentencing memorandum: "After research, counsel has been unable to find support for the [] outstanding objections[.] However, Mr. Favorite would like to preserve these issues and asks the Court to rule on them." (Def. Sentencing Mem., R. 43, PageID 147.)

At sentencing, Favorite's counsel revealed that the basis for Favorite's objection to the four-level enhancement was factual in nature, stating that the information reflected "in paragraph[s] 12, 13, and 14 is not what had occurred." (Sentencing Hr'g Tr., R. 50, PageID 174.) Specifically, Favorite contended that while he was present during the altercation with Carter and that a firearm discharged, it was not *his* firearm that went off during the scuffle. Counsel stated that information obtainable from Favorite's Facebook account supported his version of events but failed to present any such evidence at the hearing. Counsel also conceded that the objection was untimely but gave no explanation for its lateness apart from stating that she and Favorite "were finally able to discuss this in detail." (*Id.* at 174–75.)

Denying Favorite's objection due to untimeliness, the court imposed a sentence based on the information in the PSR. The court further explained that a preponderance of the evidence supported finding that Favorite used the Glock Model G48 in connection with a felony offense— the physical altercation with Carter—such that the four-level enhancement under § 2K2.1(b)(6)(B) was warranted.

Applying the relevant enhancements, adjustments, and 10-year statutory maximum, the court calculated a guidelines range of 100 to 120 months and, after considering the § 3553(a) factors, sentenced Favorite to 120 months' incarceration. Favorite appealed, arguing that the district court erred in denying his objection based on its lateness under Federal Rule of Criminal Procedure 32 and that his counsel provided ineffective assistance by failing to make the objection properly.

## II. ANALYSIS

### A. Objection to PSR's Factual Contentions

Federal Rule of Criminal Procedure 32 mandates literal compliance by the district court, and violations of Rule 32 are typically reviewed for harmless error. *United States v. Wright*, 747 F.3d 399, 414 (6th Cir. 2014). But the parties instead suggest that an abuse-of-discretion standard applies to the specific Rule 32 issue here.

We agree that an abuse-of-discretion standard is appropriate. The Rule's relevant language directs parties to make any written objections to the PSR within 14 days of receipt before noting that the district court "*may*, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(f)(1), (i)(1)(D) (emphasis added). The use of the word "may" in a statute "implies discretion." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 172 (2016) (citation omitted); *see also Singh v. Rosen*, 984 F.3d 1142, 1151 (6th Cir. 2021) ("[T]he word 'may' clearly connotes discretion." (citation omitted)). And this court has also reviewed compliance with other components of Rule 32 for an abuse of discretion because district courts are often "better positioned to assess many of the relevant determinations under [] Rule 32." *United States v. Bartlett*, 416 F. App'x 508, 511 (6th Cir. 2011); *see also United States*

*v. LeBlanc*, 762 F.2d 502, 504–05 (6th Cir. 1985) (reviewing a denial of an evidentiary hearing to challenge a PSR's contentions for abuse of discretion).

Turning now to the standard itself, an abuse of discretion occurs when the district court's decision rests on clearly erroneous factual findings, applies an incorrect legal standard, or misapplies the correct legal standard. *United States v. Fowler*, 819 F.3d 298, 303 (6th Cir. 2016). Finding no such abuse here, we affirm.

Favorite first argues that the district court abused its discretion because it failed to consider whether "good cause" excused his objection's lateness under Rule 32(i)(1)(D). But the district court had no occasion to consider whether the objection's untimeliness should be excused for "good cause" because Favorite never made that argument: Favorite's counsel stated only that she and Favorite "were finally able to discuss this in detail," suggesting that counsel was unaware of the basis for Favorite's objection until the day of the sentencing hearing, but presenting no rationale to justify its untimeliness.

Favorite also cites no case law—from this circuit or any other—indicating that a district court must investigate sua sponte whether "good cause" might excuse an objection's untimeliness. Nor does such an assertion comport with the language of the Rule, which states that a district court "may" allow late objections. Rule 32(i)(1)(D). Moreover, the cases Favorite cites affirm district courts' discretion to manage untimely objections under Rule 32 as they see fit, and those courts entertained late objections only where the objecting party presented evidence or argument to demonstrate "good cause." *See, e.g.*, *United States v. Angeles-Mendoza*, 407 F.3d 742, 748–49, n.10 (5th Cir. 2005) (explaining that the district court had discretion to consider the government's late objection where it was supported by "good cause"); *United States v. Young*, 767 F. App'x 766, 771 (11th Cir. 2019) (same). Favorite presented no such evidence or argument of "good cause"

- 5 -

for the objection's untimeliness, and the district court had no obligation to look for "good cause" itself.

Even if the district court should have considered the merits of Favorite's objection, the objection itself lacked the evidentiary support necessary to dispute the PSR. To challenge the PSR's allegations, a defendant must produce at least some evidence that casts doubt on the veracity of the relevant contentions. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003). Where a defendant fails to adduce evidence to contest the PSR, the district court may rely on the PSR as if undisputed. *Id.* at 682; *United States v. Cover*, 800 F.3d 275, 279 (6th Cir. 2015) (per curiam).

Favorite presented no evidence to support his version of events or challenge the PSR apart from his counsel summarizing Favorite's version of the Carter confrontation and stating that there might be information on Facebook to support his account. This is not enough. *See Lang*, 333 F.3d at 681–82. And although Favorite asserts that a "bare denial" suffices to contest "uncorroborated" facts in a PSR, that assertion finds no support in the relevant case law. *See id.* at 682 (noting that the defendant could have but failed to produce an affidavit or testimony to contradict the PSR's contentions); *see also Cover*, 800 F.3d at 278–79 (concluding that a defendant must produce evidence to contradict statements in a PSR); *United States v. Wiant*, 314 F.3d 826, 831–32 (6th Cir. 2003) (explaining that a defendant must do more than merely deny a PSR's factual allegations without support).

Given Favorite's failure to show "good cause" for his objection's lateness and the lack of evidence to support his objection, the district court did not abuse its discretion in denying the objection as untimely and relying on the PSR as undisputed.

**B. Ineffective Assistance of Counsel**

This court typically declines to review ineffective assistance of counsel claims on direct appeal because the factual record from the district court rarely provides a sufficient basis for determining whether counsel's performance was deficient or prejudiced the defendant under the relevant *Strickland* standard. *See United States v. Lopez-Medina*, 461 F.3d 724, 736–37 (6th Cir. 2006). Instead, federal defendants' best course of action for claiming ineffective assistance is bringing a motion under 28 U.S.C § 2255. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). The § 2255 process then allows for additional factual development in the district court, "the forum best suited to developing the facts necessary to determining the adequacy of representation[.]" *Massaro v. United States*, 538 U.S. 500, 505 (2003).

The record here does not contain the information required to adjudicate Favorite's ineffective assistance of counsel claim. Indeed, apart from counsel's concession that she did not know the basis of Favorite's objection until the day of the sentencing hearing, it is "devoid" of detail as to what conversations Favorite and his counsel had regarding the case or what other investigation, preparation, or strategizing counsel did prior to the hearing. *See Ferguson*, 669 F.3d at 763. As such, we decline to address the merits of Favorite's ineffective-assistance argument, and leave that issue to be decided on collateral review.

## III. CONCLUSION

For the foregoing reasons, we affirm.